The Galveston, Harrisburg & San Antonio Railway Company v. George L. Farmer.

No. 2678.

1. **Fellow Servants.**—An employe who has the right to employ and discharge other employes of the master under him is in contemplation of law a fellow of the servant of the same master whom he has no power to discharge.

2. **Negligence.**—It is the duty of a railway company to select careful and skillful servants, and if it fails to exercise due care in the employment of a servant whereby another is injured through the negligence or incompetence of such servant the company is liable. Such company operates through visible agencies, and the fact that it devolves the duty of employing servants on some one of its agents whose negligence in the employment of other servants results in injury to another in its employ will not exempt the company from liability, without regard to the grade of service of the employing agent, or the party injured.

3. **Fellow Servant—Vice Principal.**—The owner of a saw mill loaded lumber on a freight car at his mill in an improper manner, whereby a brakeman on the railroad received injury. After the lumber was loaded the depot agent gave a bill of lading to the shipper and directed that the car be attached to a train. The station agent had control of the station as agent of the railroad, with power to employ and discharge hands on duty at the depot, but with no power to discharge those who were operating trains on the road. In a suit for damages brought by the brakeman against the railway company, *held:*

1. Conceding that it was the duty of the station agent to see that the car was properly loaded before ordering it to be incorporated in the train, this duty he owed as a servant only and not as a vice-principal of the company.

2. A charge which in effect instructed the jury that as matter of law the injured brakeman and the depot agent were not fellow servants engaged in the same grade or line of service within the meaning of the law which holds that the master is not liable for injuries to one servant on account of the negligence of a fellow servant, was error.

Appeal from Colorado. Tried below before Hon. Geo. McCormick.

The injuries inflicted on the appellee by the alleged negligence of appellant were of a serious and permanent character. He claimed $30,000 and the verdict was for $5000 damages.

*Brown & Dunn,* for appellant.—The master is not liable to his servant

for damages for injuries the latter may receive in the usual course of his employment, and which are the common and ordinary perils of such employment. Nor is the master liable where the injury results from the negligence of a fellow servant.

The court below erred in giving to the jury the second paragraph of the charge asked by plaintiff, in which they were instructed as to what is the law on the subject of the liability of defendant to plaintiff for injuries received by the latter on account of negligence of his fellow servant. [The paragraph complained of is the one copied in the opinion.] Railway Co. v. Whitmore, 58 Texas, 276; Wood on Master and Servant, 860.

*Foard, Thompson & Townsend,* for appellee.—Whether or not the appellant was guilty of negligence in loading the car with lumber projecting over the platform, and whether or not the effect of this loading caused the injuries to appellee, were questions of fact to be determined by the jury.

Whether or not appellee by his negligence contributed to the negligence of appellant was also a question of fact to be determined by the jury. Macdougall v. Cent. R. R. Co., 12 Am. and Eng. R. R. Cases, 163, 166; 14 Am. and Eng. R. R. Cases, 670.

Whether or not the freight agent of the appellant, Littlefield, operated in a different and distinct line of appellant's business from that of appellee, and whether he was supreme in his department, having full authority to hire and discharge hands of appellant, were all questions of fact to be found by the jury, notwithstanding appellee and said agent were under the same general control.

GAINES, ASSOCIATE JUSTICE.—This was an action for personal injuries, brought by appellee against appellant. The appellee was a brakeman on a freight train of the appellant company, and having reached the station at Columbus it became his duty to make the coupling of certain cars which were standing there, and which were ordered to be incorporated into the train. One of these cars was laden with lumber, and it is claimed that it was negligently loaded. The lumber at one end of the car projected some twenty inches or more, so that it occupied the space which is ordinarily allowed between the cars when connected to enable the brakeman to make the coupling with safety. There was much testimony as to causes which led to the injury bearing upon the question of negligence on part of the plaintiff. This testimony, in view of the disposition we shall make of the case, we deem it neither necessary nor proper to consider.

The lumber was loaded by the servants of one Tolliver, the owner of a lumber yard on a side track near the station. There is nothing to

show that Tolliver bore any other relation to the railroad company except that of a shipper.   He was examined as a witness for the plaintiff, and it is to be presumed that if any other relation existed it would have been proved.   It does appear that the car was placed by the company's servants upon the side track for the purpose of being loaded, and that after it was loaded one Littlefield, the station agent of defendant, gave Tolliver a bill of lading for the lumber.   It is also to be inferred from the testimony that the agent directed the car as loaded by Tolliver to be incorporated into the train.   There was also evidence conducing to prove that the station agent had control over the company's station, with power to employ and discharge hands on duty at the station.   He had, however, no power to employ or discharge the servants who were operating the trains upon the road.

Such being a brief statement of the evidence tending to show negligence on part of the company's agents and servants, the court at the request of the plaintiff gave the following charge:

"If the jury believe from the evidence that the plaintiff herein at the time of the accident complained of was in the employ of the company as brakeman on one of its freight trains; that while so employed and in the line of his duty he received the injuries stated in the petition, resulting from being struck by a piece of lumber which extended over the platform of a flat car loaded with lumber, which he was attempting to couple; and you further believe that there were other persons in the employ of the defendant whose duty it was to examine cars which were loaded and to see that they were properly loaded before the company allowed them to be received, and that such other person had general authority and control over defendant's freight business at the time and place where the accident occurred, with authority to employ and discharge hands in connection with said business, then the court instructs the jury as a matter of law that the plaintiff and such other persons were not fellow servants engaged in the same grade or line of service, within the meaning of the law which holds that the master is not liable for injuries to one servant on account of the negligence of a fellow servant."

The giving of this charge is assigned as error.   In the case of The Railway Company v. Welch, 72 Texas, 298, we reluctantly yielded to a former decision of this court (Dallas v. Railway Company, 61 Texas, 196) and to the great weight of authorities, and held that the fact that the employes of a railroad company were engaged in different and distinct departments of the company's service did not take them out of the rule which exempts the master from liability for injuries resulting to one servant from the negligence of his fellow servant.   In that case the plaintiff was engaged with a bridge gang, employed in repairing the bridges along the line of the road, and was injured through the negligence of the employes engaged in the transportation department and operating a

train along the line. The departments were distinct and the duties of the servants were such that the one had practically no opportunity of observing and reporting any negligence on part of the other. It presented a strong case for making an exception to the rule. The decision in that case is decisive of the question of the correctness of the charge under consideration in so far as the jury were instructed that service in different departments affected the defendant's liability in the case. But we think this would have been harmless if the other proposition in the charge upon which the exception to the general rule as to fellow servants is predicated had been correct. It would simply have imposed the burden upon the plaintiff of proving a fact he was not required to establish in order to make out his case. But is it true that an employe who has the right to employ and discharge other employes of the master under him is not the fellow of a servant of the same master whom he has no power to discharge? We think not. We have found no case in this court which announces this doctrine.

In Wall v. Railway Company, 4 Texas Law Review, 36, the Commission of Appeals say: "The general test applied is as to whether such employe has the power to employ and discharge the servants who are subject to his control and direction. An agent having such authority has been generally considered, as far as the servants under his control are concerned, as in legal effect occupying the position of the master." To a limited extent the rule so laid down is correct. When the duty which the agent is required to perform is a direct obligation which the master owes to all his servants, the doctrine is applicable.

It is the duty of a railroad company to furnish safe tracks and machinery, and it is responsible to its servants for the neglect of this duty on part of such servants or agents as it may intrust with its performance. Railway Co. v. Dunham, 49 Texas, 181; Railway Co. v. Whitmore, 58 Texas, 276.

It is also the duty of the master to select careful and skillful servants, and if he has failed to exercise due care in the employment of a servant and another is injured through the negligence or incompetency of the servant so employed the master is liable. Should the master devolve this duty of employing servants upon any one of his agents or employes, and if such agent or employe fail to exercise proper care in the selection of a servant, and an injury results to another servant from such failure, the master is liable, without regard to grade of service of the employing agent or the party injured. For the failure to discharge his immediate duty to his servants the master can not absolve himself from liability by devolving that duty upon another servant. The servant entrusted with the duty is held the representative of the master.

In the case before us there is no complaint of any defect of machinery or of a want of care in the employment of any servant whose negligence

caused the injury.   The car upon which the lumber was loaded was neither defective in construction nor out of repair.   The negligence consisted in loading the lumber in an improper manner.   Conceding that it was the duty of the station agent to see that it was properly loaded before it was ordered into the train, this was a duty he owed as a servant merely and not as the representative or vice-principal of the company. The plaintiff did not even bring himself within the rule quoted above from the opinion in Wall v. Railway Company.   While the station agent had power to employ and discharge hands engaged for service at the station, it appeared that he did not have power to employ or discharge trainmen, and it did not appear that they were subject to his control as to the manner of performing their duties.   We are not prepared to say, however, that the rule referred to is a general rule, and that it should not be limited as hereinbefore indicated.   The trainmen are ordinarily under the control of the conductor, and yet this court holds that they are fellow servants.   Robinson v. Railway Co., 46 Texas, 540.

In an able opinion the Supreme Court of Minnesota hold that a station-master is the fellow servant of the engineer on a passing train.   Brown v. Railway Co., 31 Minn., 553; S. C., 15 Am. and Eng. R. R. Cases, 333; see also Rains v. Railway Co., 71 Mo., 164; Besel v. Railway Co., 70 N. Y., 171.

We think the court erred in giving the charge under consideration, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 26, 1889.