## WEGNER BROS. v. E. J. BIERING & CO.

### No. 2650.

**Charge of Court.**—When from the record it appears that a charge is irrelevant and calculated to lead the minds of the jury away from instead of toward the true issue involved, it will constitute cause for reversal unless it appears that the verdict was not influenced thereby.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*McLemore & Campbell,* for appellants.—The duty of the court is to charge the jury on the law of facts in evidence upon which the rights of the parties depend, and it is error in the court to answer impertinent questions asked by the jury, where it is manifest from the questions asked that the jury are looking to the court's answer for a guide to their verdict outside of the proper issues in the case. Rev. Stats., arts. 1316, 1317.

The action of the court in having answered the question as was done

was a great wrong to the defendants, because thereby the argument was made to the jury by the court that they should not find in favor of the defendants, Wegner Bros., on the evidence applicable to the case unless they were willing that Wegner Bros. should retain the $725, whether it was lawful or not. The court has no right to charge on the weight of evidence, or to present the evidence to the jury in such a manner in its charge as to let the jury understand how the court stands on the evidence as between the parties to the case, much less has the court the right to argue for or against either side in its charge to the jury. Rev. Stats., arts. 1316, 1317; 47 Texas, 147; 46 Texas, 367.

*S. S. Hansom* and *J. R. Burnett,* for appellees.— The charge was not on the weight of evidence, but fairly and correctly submitted the only issue of fact whether a promise not to prosecute entered into the consideration of the making or endorsing of either of the original notes, and it is difficult to conceive how the jury could have been misled. Appellant's brief points out no affirmative error in the charge. Certainly appellees had the moral and legal right to secure payment for their goods, and it was the duty of Pohl and appellants to pay for them. Nothing short of an agreement to stifle a prosecution could render the security invalid. An expectation that there would be no prosecution is not sufficient. Greenh. on Publ. Pol., 459; Marbury v. Brooks, 7 Wheat., 556; Plant v. Gunn, 2 Woods, 372; Clark v. Pomeroy, 12 All., 557; Armstrong v. Express Co., 4 Baxt., 376; Hilborn v. Bucknam, 7 Atl. Rep., 272.

Henry, Associate Justice.— Appellees brought this suit upon a promissory note executed to them by appellants.

The defense was that the note was given partly in consideration of an agreement by Biering & Co. not to prosecute one Pohl for theft of goods.

On a former appeal of this case this defense was held good if proved. 65 Texas, 506. The first transaction was the execution of his note by Pohl to Biering & Co., and the endorsement of that note by Wegner Bros. on the alleged unlawful consideration. Sometime afterward Pohl left the county, owning a stock of goods subject to attachment. The endorsed note not having been paid, and Wegner Bros. desiring to have it collected out of Pohl's effects, in order that they might attach his goods they took it up by giving Biering & Co. the note now sued on.

Wegner Bros. then brought suit by attachment against Pohl on the endorsed note, and realized out of his effects the sum of seven hundred and twenty-five dollars, which they appropriated to their own use. On the trial the evidence conflicted as to whether the note in controversy was in fact executed upon the alleged illegal consideration.

The court charged the jury that if the endorsed note was executed

wholly or partly for the alleged unlawful consideration, and if the note in controversy was given in lieu of the endorsed note, to find for the defendants.

The court in its main charge instructed the jury that the "mere fact that defendants under their attachments realized something out of Pohl's goods afforded no ground for the plaintiff's recovery and no defense for the defendants."

After they had retired under the charge of the court to consider of their verdict the jury came again into court and requested the court to inform them "what was to be done with the $725 which Wegner Bros. received as the net procceeds of the attached stock of goods of Pohl." To which the court answered: "You have nothing to do with the $725, and it has nothing to do with the case."

The jury further requested to know: "Whether if a judgment was rendered in the cause in favor of Wegner Bros., could Wegner Bros. keep the $725 realized by them without accounting to Pohl or Biering for the same?" To which the court responded: "I answer yes, that neither Biering nor Pohl could ever recover the $725 back from Wegner Bros."

The jury brought in a verdict for the plaintiffs for the full amount of the note.

The answers of the court to the questions propounded by the jury are to be treated as part of its charge, with one difference only. If the matter had occurred in the original charge it might then have become a question as to whether it had entered seriously into the consideration of the jury. Occurring as it did and when it did we do not feel at liberty to conclude that it did not materially influence their finding. The object of the judge's charge is not only to instruct the jury as to what the law is applicable to the issues, but equally to inform them what the issues are. Irrelevant charges have always been condemned by this court.

This charge if it had been given as part of the main charge would have been only less objectionable than it was as in fact given. If the main charge had been that if the note was executed on the alleged illegal consideration "you should find for the defendants, but I charge you if you do find for them they will have the right also to keep the $725 realized from the sale of Pohl's goods," it would have been irrelevant and calculated to lead the jury away from instead of toward the true issue in the case.

Other charges are objected to, but we are not able to see from the record that they were not appropriate.

The cause is reversed and remanded.

*Reversed and remanded.*

Delivered February 26, 1889.