### E. J. Biering & Co. v. Wegner Bros.

#### No. 2787.

1. **Irrelevant Testimony—Case in Judgment.**—Wegner Bros. were sureties of one Pohl upon two promissory notes, one for $1000 and the other for $350, payable to Biering & Co. At instance of Wegner Bros. they executed their own notes to Biering & Co. for the amount of the two notes. Wegner Bros. then sued Pohl by attachment and realized upon the attachment. Biering & Co. sued upon the note made by Wegner Bros., who set up that one of the notes which was settled by that sued upon was given in consideration that plaintiffs should not prosecute Pohl for theft. *Held,* that upon the issues litigated it was immaterial what, if anything, Wegner Bros. realized by their attachment. It was not error to exclude the testimony to such amount.

2. **Leading Questions by the Court.** — On the trial one of the defendants was

testifying, and the court asked him, "Did Biering understand the note (for $1000) was given under an agreement he should not prosecute Pohl?" to which witness answered, "Yes, sir." Upon exceptions, *held* the question was improper; first, as leading, and second, as asking the opinion instead of facts.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*S. S. Hanscom* and *J. R. Burnett,* for appellants. —1. The court erred in refusing to allow appellants to prove that appellees realized from Pohl's estate by attachment and execution the amount of the debt sued for by appellants, or a large portion thereof. The evidence was relevant and material and should have been admitted; and the charge asked in reference to the attachment sued out by appellees against Pohl should have been given. Evansich v. Railway, 61 Texas, 24; 1 Whart. on Ev., secs. 21, 27.

2. The consideration of the note sued on is not entire, but clearly separable, and to the amount of the $350 note and interest is not subject to any taint of illegality. A party will not be permitted at his own instance to substitute his individual note for two notes endorsed by him, one legal and the other illegal, and thus prevent a recovery of the amount of the legal note. 1 Whart. on Con., secs. 338, 511; Granger v. Mill and Mining Co., 59 Cal., 679; Jackson v. Shawl, 29 Cal., 271, 272; Shaw v. Carpenter, 54 Vt., 155; Hynds v. Hays, 25 Ind., 31; Parish v. Stone, 14 Pick., 198; Earle v. Reed, 10 Metc., 387; Guild v. Belcher, 119 Mass., 258; Clopton v. Elkins, 46 Miss., 95; Frazier v. Thompson, 2 Watts & S., 235; Yundt v. Roberts, 5 Watts & S., 139.

3. The court erred in asking the leading question set out in appellants' bill of exception, and for the reasons therein stated. [See opinion.] Hammond v. Hough, 52 Texas, 73; Turner v. Strange, 56 Texas, 143, 144; Buford v. Bostick, 58 Texas, 64.

*McLemore & Campbell,* for appellees.

HOBBY, JUDGE.—The appellants brought this suit in the District Court of Galveston County August 21, 1883, on a promissory note executed by appellees on April 13, 1883, for $1300, payable to the order of appellants four months after date, with interest at the rate of 10 per cent per annum. The defense was that the note was given in lieu of two notes, one for $350 and the other for $1000, previously executed to defendant by William Pohl as principal and appellees as endorsers, and that the only consideration for these two notes was a promise and agreement by appellant Biering that Pohl should not be prosecuted for the theft of the goods for the value of which it was claimed the notes were given.

Appellants replied that the note for $350 was given for the balance of

an account due them by Pohl, and that the $1000 note was executed for the value of the goods stolen from them by Pohl. They denied that there was any agreement or promise on their part not to prosecute Pohl for the theft of said goods, etc. They also alleged that the note sued on was given by defendants in lieu of said two notes at the request and for the accommodation and benefit of defendants, who, after the surrender of the first notes, attached the property of Pohl and recovered judgment against him upon Pohl's liability to them by such surrender, and had realized the full or a large amount of the note sued on by the said attachment, etc.

Upon exception to this allegation by the defendants it was stricken out.

Two appeals in this cause have been heretofore prosecuted by the appellees, reported respectively in 65 Texas, 507, and 73 Texas, 89.

The last trial resulted in a verdict and judgment for the appellees. It was decided in effect upon the first appeal in this case that the defense that "the note was given partly in consideration of an agreement by Biering & Co. not to prosecute one Pohl for theft of goods was good if proved." Upon the last appeal it was held that certain instructions set forth in the opinion of the court "were irrelevant and calculated to lead the jury away from instead of toward the true issue in the case," and should not have been given. 73 Texas, 91.

It is now claimed that the court erred in refusing to allow appellants to prove that appellees realized from Pohl's estate by attachment and execution the amount of the debt sued for by appellants, or a large portion thereof, as shown by appellants' bill of exceptions. An inspection of the bill of exceptions shows that the evidence referred to was excluded by the court, except as to the fact that defendants sued out the attachment, which fact plaintiffs were permitted to prove. To the ruling of the court so restricting the proposed evidence plaintiffs excepted.

We think the ruling of the court was correct. Proof of the fact that the attachment was sued out was admissible, but evidence of the amount realized by the appellees was calculated to mislead the jury and divert them from the true issue in the cause.

There is but one other assignment we believe it is necessary to consider. The bill of exceptions recites that "whilst the defendant John Wegner was on the stand testifying as to the circumstances, etc., occurring between witness and E. J. Biering and William Pohl, etc., the court asked the following question of said witness: 'Did Biering understand the note ($1000 note) was given under an agreement he should not prosecute Pohl?' to which the witness answered, 'Yes, sir;' to which question plaintiffs objected, because the same was leading, and calculated to draw out from the witness his conclusion of what Biering understood, without stating facts warranting such conclusions," etc. This action of the court is made the basis of the eighth assignment of error. We think the assign-

ment is well taken, and that the court erred in propounding the question to the witness, and that the answer should have been excluded. It was not competent, we think, for the witness to testify that Biering understood that the note was given under an agreement that he would not prosecute Pohl. It was but the opinion of the witness Wegner. This was a question for the jury to determine from all the facts in the case. The other assignments, we think, are not tenable.

For the error above mentioned, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 18, 1890.