The New Pittsburgh Coal and Coke Company v. Peterson.

Filed Jan. 11, 1894.

---

No. 16,171.

THE NEW PITTSBURGH COAL AND COKE COMPANY v. PETERSON.

MASTER AND SERVANT.—*Respective Duties.*—*Violation of.*—*Liability.*— *Damages.*—*Vice-Principal.*—*Fellow-Servant.*—Servants owe to their master a diligent and watchful care over his business, and they owe to each other vigilance and caution for their own safety. And the master is not liable for their neglect of the duty they owe each other, unless he continues them with knowledge of their unfaithfulness. The master is only liable in tort to his servant, where there has been a violation of the duty owing by the master to the servant, and such servant is free from negligence contributing thereto, and has not assumed the hazard. Whether the act or omission complained of, when performed by a servant, is a violation of a duty owing by the master to his servant, must be determined by ascertaining whether the act or omission is one the doing of which is charged by the master upon the servant as vice-principal, *i. e.*, whether the servant has been put in the place of the master as to the particular service performed or omitted.

SAME.—*Tort.*—*Liability of Master.*—*Complaint, Sufficiency of.*—*Vice-Principal.*—*Fellow-Servant.*—Where the complaint, in an action by a servant against the master for damages for the negligent injury by another servant of the same master, alleged that such servant was defendant's agent, with full authority to control the work of, and to employ and discharge the plaintiff from his employment, as well as other servants of said defendant; and, but for such allegation, it clearly appears that such servant and plaintiff were serving the same common master, and were engaged in the same common pursuit, in accomplishing the same object, the complaint is not sufficient to establish the position of vice-principal by the alleged negligent servant.

From the Sullivan Circuit Court.

*J. S. Bays*, for appellant.

*W. C. Hultz* and *G. G. Riley*, for appellee.

HACKNEY, J.—The appellee sued the appellant, in the court below, for personal injuries, and recovered judgment for five thousand dollars.

His complaint was in four paragraphs, the first of which was, in substance, as follows:

The appellee was employed to do general work in and about the appellant's coke yards, and to haul away ashes and other refuse, haul slack and clean the yards, from July 30, 1888, to and including February 19, 1889; that he was inexperienced in working with machinery, as the defendant well knew; that on said last named day, one Gus Lawrence was defendant's agent to employ and discharge its workmen, including the plaintiff, and to control their works; that said Lawrence negligently directed the plaintiff to clean certain of defendant's slack elevators, and the place of performing such work was dangerous, in that it became necessary to stand close to the machinery of the elevator, and upon the buckets thereof, and that if the machinery was put in motion while he was so occupied, injury was sure to follow, of which dangers said defendant well knew; that plaintiff entered upon the work so assigned, in the presence and under the direction of said Lawrence, and "reposed confidence in the prudence and caution of the defendant, and that defendant would notify him of the starting of the machinery, so that he could remove" from its dangers; that while so engaged, and without notice or warning, the defendant negligently put the machinery in motion, whereby plaintiff, without fault or negligence on his part, was drawn into the guide of the elevator belt and buckets, and sustained the injuries complained of.

The second paragraph varies from the first only in alleging that the plaintiff's employment was special, in that it was to haul slack, clean the yard and haul ashes and other refuse, and that he was inexperienced and unacquainted with the use of said machinery, and ignorant of the dangerous character of the work.

The third paragraph is, in effect, the same as the second, excepting that it alleges that the plaintiff was directed to perform said service near the time for starting the machinery in motion, and that the defendant knew, or by ordinary care could have known, of the nearness of the time for starting said machinery, and that it would start while plaintiff was so engaged, and of his dangerous situation.

The fourth paragraph differs from the first only in alleging, in addition to the facts contained in the first, "that the place furnished the plaintiff to work in was not a safe place, but was extremely dangerous in this, that death or great bodily harm was sure to result to one who occupied the place so assigned the plaintiff, when the machinery was in motion," and "that plaintiff did not know of the proximity of the time for starting said machinery." This paragraph, however, does not allege negligence in the starting of the machinery, or that it was started by the defendant or its servants.

In considering the sufficiency of this complaint, it is essential that we keep in view the theory upon which it proceeds; in other words, the duty of the master for the violation of which a recovery is claimed. The master is not charged with supplying improper, imperfect, or unusual machinery for the purposes in which it engaged the servants operating the mill, nor is it alleged that there was any negligence in employing or retaining in the service ignorant, unskilled, or habitually negligent servants, nor is it an element of the cause of action, that

The New Pittsburgh Coal and Coke Company *v.* Peterson.

the master failed to adopt proper rules for the government of its servants, nor that the machinery was started in violation of such rules as to the time or manner thereof.

The necessary conclusion is that the injury complained of was the result of negligence in not delaying the starting of the machinery while Peterson was in the elevator. We are not to presume that the engineer knew of Peterson's situation when he started the machinery, nor can we presume that he started the machinery at an unusual time. More briefly stated, it is not for us to presume that the engineer acted willfully or negligently.

The only negligence charged is that of Lawrence. If he was a fellow-servant of Peterson, and not a vice-principal, all of the paragraphs of complaint were bad. The allegation of Lawrence's relation to the master, as we find it in every paragraph, was that one Gus Lawrence was defendant's agent, with full authority "to control the work of, and to employ and discharge, the plaintiff from his employment, as well as other servants of said defendant."

Whether Lawrence was a vice-principal in performing the service in which his negligence caused the appellee's injury, must be determined from this allegation, in the light of the authorities. But for this allegation it clearly appears that the appellee and Lawrence were serving the same common master, and were engaged in the same common pursuit, in accomplishing the same common object, and were, therefore, fellow-servants.

The questions of rank and of power to employ and discharge servants are not controlling in the consideration of the relation of Lawrence to the appellant. *Justice* v. *Pennsylvania Co.*, 130 Ind. 321.

As there said, in effect, the controlling consideration

is whether the act or omission is one arising from a duty owing by the master to the servant, the discharge of which duty is entrusted by the master to the negligent servant.

In *Brazil and Chicago Coal Co.* v. *Cain*, 98 Ind. 282, the complaint alleged that Hopkins was the master's "bank-boss, and, as such, had charge of its coal mine and control of the men working therein, and it was his duty to look after, care for, and superintend said mine and the entire workings therein, and to secure and keep the rooms, entrances, and openings of such mine in a safe condition." This was held insufficient to charge the master with the negligence of Hopkins as a vice-principal.

This case has been followed with approval in numerous cases, including *Indiana Car Co.* v. *Parker*, 100 Ind. 181; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1; *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75; *Cincinnati, etc., R. R. Co.* v. *McMullen, Admr.*, 117 Ind. 439.

The most that can be claimed for the allegations of the complaint before us, upon the question under immediate consideration, is that Lawrence was the master's foreman as to the labors of Peterson and others of the master's employes.

That a foreman may be, and that he is, ordinarily but a fellow-servant is very fully discussed in *Indiana Car Co.* v. *Parker, supra*, where many of the cases on the subject are reviewed. In that case the distinction is clearly made between cases where the service of the foreman or other employe of superior rank involves the performance of some duty owing by the master to his servants, as in the supplying of proper machinery or safe places to work and those cases where the duty violated is one, not of the master, but of one servant to another

engaged in one common employment. There some of the cases cited by the appellee in this case are reviewed and their application to a case not involving a duty of the master is denied. So it may be said of all other cases cited by the appellee in this case. They involve authority from the master to the foreman to supply proper machinery and safe working places, duties clearly owing by the master and which could not be so delegated as to absolve him from liability.

In cleaning the elevator, the appellee and Lawrence were discharging a duty owing from both to the master, and they were necessarily fellow-servants. The negligence of Lawrence in failing to prevent the starting of the machinery is not shown to have been the omission of a duty expressly or impliedly delegated to him by the master.

In every case the position of vice-principal must be determined by ascertaining whether the act performed or duty omitted is one the doing of which is charged upon the master and delegated to the servant. In other words, whether the servant has been put in the place of the master as to the particular service performed or omitted. If he has, and his act or omission, while in that particular service, involves a duty owing by the master to the servant, the master is liable for injury resulting from such act or omission, if the injured servant is free from negligence and has not assumed the hazard.

In *Spencer* v. *Ohio, etc., R. W. Co.*, 130 Ind. 181, Spencer was directed, by one under whose orders he was required to work, to clean a locomotive, and while engaged in the task, under the boiler, the engineer started the locomotive and ran upon him. It was there said: "If there was negligence on the part of the employes of the company, either in ordering him to clean the engine, or of the engineer in starting the engine, it was the neg-

ligence of a co-employe, for which the appellee is not responsible." *Wilson* v. *Madison, etc., R. R. Co.*, 18 Ind. 226; *Gormley, Admr.*, v. *Ohio, etc., R. W. Co.*, 72 Ind. 31; *Ewald* v. *Chicago, etc., R. W. Co.*, 70 Wis. 420; *Pease* v. *Chicago, etc., R. W. Co.*, 61 Wis. 163; *Bergstrom* v. *Staples*, 82 Mich. 654.

In *Pease* v. *Chicago, etc., R. W. Co.*, *supra*, is quoted with approval, from *Heine* v. *Chicago, etc., R. W. Co.*, 58 Wis. 528, as follows: "The fact that the negligent employe has the power to direct and order the acts and movements of the one injured, does not take the case out of such (fellow-servant) rule."

The case of *Bergstrom* v. *Staples*, *supra*, makes the distinction between cases where injury is the result of imperfect or insufficient machinery rendering the place of service dangerous, and cases where the service is hazardous because of those dangers which are necessarily incident to use of proper machinery, and the case may be regarded upon the construction we have given the complaint before us.

The case of *Ell* v. *Northern Pacific R. R. Co.*, 12 Lawyers' Rep., An., 97, is a very instructive case, and holds the fellow-servant rule not to depend upon the rank of the negligent servant, but upon the fact as to whether the duty omitted is one owing from the master to the injured servant, and one the discharge of which the master has conferred upon the negligent servant. There the negligent servant was in control of the men and the work, with authority to direct and supervise, and power to employ and discharge. The negligence was in failing to block a long pile which was being removed from a car upon skids, the foreman having knowledge that, to omit such blocking, one end of the pile would slide faster than the other, and, in doing so, fall between the skids where the injured servant was

The New Pittsburgh Coal and Coke Company *v.* Peterson.

working. The foreman was held to be a fellow-servant of the injured employe.

The fellow-servant rule is founded in wisdom, and any departure from it is dangerous to the prosperity and perpetuity of the enterprises of manufacturing, mining, railroading, and those industries requiring the services of many servants. More than this, it increases the dangers to such servants who may be so employed. When the master has supplied a safe place to work, has employed skillful and diligent servants, and has furnished suitable and safe appliances with which to perform the service, it is a rare instance in which he is liable for injuries to his servants. The servants owe to the master a diligent and watchful care over his business, and they owe to each other a vigilance and caution for their own safety. The master should not be held for the consequences of their unfaithfulness to him, unless he continues them with knowledge of their faithlessness. The master should not be liable for their neglect of the duty they owe to each other, for that is by no fault of his. The rule which deprives them of compensation for injuries sustained from the neglect each of the other, inspires that care and diligence, in the discharge of their duties, both to the master and to themselves, which is essential to the welfare of the master and the safety of each other. When the rule is destroyed, its inducement to care is gone, and the master, if not liable for the fault of his servants as between themselves, has servants whose duties require no care excepting that each shall look to his own safety.

Where it does not appear that the master has violated a duty owing to his servant, there is not, and should not, be any liability by the master. The burden must rest upon the injured servant to show, by his complaint, that some duty of the master has been violated. If that duty

is one the discharge of which has been delegated to another, not only the duty but the delegation of it, as well as its violation, must be shown.

The complaint before us fails to plead facts taking the case out of the general rule. Nothing is alleged from which we can infer a breach of duty by the master or by one standing, by authority, in the place of the master, in the performance of any duty owing by the master.

We conclude, therefore, that the allegations of the complaint are not sufficient to establish the relation of vice-principal by Lawrence, the alleged negligent servant.

The judgment of the circuit court is reversed.

Filed Oct. 31, 1893; petition for a rehearing overruled Jan. 23, 1894.