MICHAEL MEEHAN *vs.* SPEIRS MANUFACTURING COMPANY.

Worcester.    October 7, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Action.*

An action at common law cannot be maintained against an employer for personal injuries occasioned to a workman by an explosion caused by the fumes of naphtha, which was being used, in obedience to an order given by the defendant's superintendent, upon cotton waste in cleaning the inside of a tank, coming in contact with the flame of a lamp which the plaintiff was holding near the tank to enable the men within the tank to see, it not appearing that the naphtha was provided for use in cleaning the tank, although it had been used for cleaning machines.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ, by the alleged negligence of the defendant.  Trial in the Superior Court, before *Gaskill,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that he had been employed for five years as a day watchman by the defendant at its bicycle factory; that on July 13, 1897, the day of the accident, he was employed with others in cleaning a tank used as a repository for a mixture of lubricating oil and soda water; that about 5.30 o'clock P. M. he was holding a lamp to enable the others to see in cleaning refuse from the tank; that they could not see to work without the lamp; that the men began to wipe the inside of the tank with waste upon which something had been poured that smelled to the witness like kerosene; that suddenly an explosion occurred inside the tank, and the plaintiff was injured; that he

was standing about four feet from the tank at the time of the explosion, which occurred as soon as he detected the odor; that he did not know that naphtha was to be used in cleaning the tank, and did not see any naphtha there until after the explosion; and that he did not know of the danger that the fumes of naphtha would ignite. On cross-examination, the witness testified that he had assisted in cleaning the tank before, and it was one of his duties to clean the tank; that he lighted the lamp; and that he realized there was danger when he smelled kerosene. On redirect examination, he testified that he did not have time between the time when he smelled the kerosene and the explosion to get away.

Frank Granville testified that he was in the employ of the defendant at the time of the accident; that he was instructed by one Blake to take naphtha and clean out the tank; Blake saying, " Take this stuff and clean up the tank"; that he filled a small can, holding about half a gallon, and carried it upstairs; that he had used the naphtha to clean machines, but did not know it was naphtha, and did not know of its dangerous qualities; and that he would not have used it if its dangerous character had been known. On cross-examination, the witness testified that he could not tell whether Blake told him to use the naphtha on the day of the explosion or the day before; that Blake was in and out of the room before the explosion, but was not there at the time of the explosion; and that the plaintiff was there with the lighted lamp.

Irving E. Bigelow testified that he was the treasurer of the defendant corporation, and that Blake was the superintendent. On cross-examination, the witness testified that Blake had full charge of the shop, and hired the workmen, and he could not say whether Blake ever did any actual work himself. On redirect examination, he testified that Blake had no other duty than that of superintendent.

Upon the evidence, the judge directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Gile,* for the plaintiff.

*H. Parker,* for the defendant.

BARKER, J. The action is at common law, with the burden upon the plaintiff to show that the negligence from which he

suffered was negligence for which his employer was answerable. This burden is not met by evidence which is equally consistent with actionable fault of the employer, and with the absence of such fault. At common law a superintendent is for many purposes a fellow servant with the workmen under him, and the employer not answerable to them in case of the superintendent's negligence even in giving an order. The plaintiff must go further, and show that the negligence of a superintendent was in a matter as to which the law imputes his carelessness to the master.

Upon the evidence, the danger to which the plaintiff was exposed was merely a transitory one, existing only on the single occasion when the injury was sustained, and due to no fault of plan or construction, or lack of repair, and to no permanent defect or want of safety in the defendant's works, or in the manner in which they had been ordinarily used. The accident was caused by using naphtha upon cotton waste in cleaning the inside of a tank, when the fumes of the naphtha were liable to explode upon contact with the flame of a lamp, with which the plaintiff standing near by was giving light for their work to men who were within the tank using there the waste and naphtha. The naphtha was used in obedience to an order given by the superintendent. But it did not appear that the naphtha was provided for use in cleaning the tank. It had been used, and we must assume properly used, for cleaning machines, and the only fair inference from the plaintiff's testimony is that other and safe materials had been used theretofore in cleaning the tank.

It was as reasonable to find from the evidence that the superintendent's act in ordering naphtha to be used on this occasion was merely his own choice between safe materials, which he might have directed to be used, and dangerous materials provided for some other but proper purpose, for which choice his employer was not answerable, as to find that in giving the order he was carrying out an intention of his employer to have naphtha used in cleaning the tank.

*Exceptions overruled.*