### WELLS, FARGO & CO. v. A. C. PAGE.

#### Decided May 10, 1902.

**1.—Fellow-Servants—Express Messenger and Guard.**

An express messenger in charge of a car and a guard employed to go with the car to protect it from robbers are fellow-servants, and the fellow-servants' statute does not apply to express companies so as to render them liable for injuries caused by the negligence of a fellow-servant.

**2.—Same—Assumed Risk.**

An express messenger in arranging the express matter in his car is acting within the ordinary scope of his duties as servant, and a fellow-servant can not recover for an injury resulting from the negligent manner in which the arranging is done, since the risk of such danger is assumed in accepting the employment.

Appeal from Ellis. Tried below before Hon. J. E. Dillard.

*Alexander & Thompson,* for appellant.

*T. H. Collier,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—Page was employed as a guard by the express company, his duty being to travel on the cars of the company and protect the same against robbers. On the night of Sep-

tember 19, 1898, while he was on duty, the train on which he was riding stopped at Alma, a station on the Houston & Texas Central Railroad. He thereupon opened one of the side doors of the express car for the purpose, according to his testimony, of observing whether any suspicious persons boarded the train. While he was opening the door a piece of gin timber fell on his foot and injured it. The timber was being carried by the express company, and had been set against the wall of the car in a nearly upright position. It was caused to fall, apparently, by the sudden stopping of the train. Page brought suit on account of his injuries and obtained a judgment from which the company has appealed.

Page pleaded that the premises where he was required to his employer to work were unsafe and dangerous for the reason that the car was not sufficiently lighted and was improperly loaded. The express messenger, one Baker, had sole charge of the car and of the express matter therein, but had no control or authority whatever over Page. The company pleaded that Baker and Page were fellow-servants, and that if Page's injuries were caused by Baker's negligence, it was not answerable therefor.

On the trial the company requested special charges, which were refused, to the effect that Baker and Page were fellowservants, and that if the jury believed that the car was sufficiently lighted and that Page was injured because of Baker's negligence in not properly arranging the express matter in the car, then Page was not entitled to recover.

Baker and Page were fellow-sevants. Railway v. Welch, 72 Texas, 298. As the fellow-servants statute does not apply to express companies, Page could not recover for injuries caused by the negligence of Baker, if the negligence occurred in the performance of a duty which he owed as a servant and not as a representative of the company. It was the duty of the company to use ordinary care to furnish Page with a reasonably safe place to work. It was bound to provide a car free from defects of construction and supplied with the proper equipments and appliances. And it was bound also to use ordinary care in employing competent and careful persons to serve with Page. There was no complaint of a defective car or of insufficient appliances, except in regard to the lights, and the evidence was such as would have justified a finding by the jury that the car was equipped with the proper lighting apparatus. It was not charged that the company was negligent in employing the servants with whom Page was required to work. The question to be determined is whether the duty which the company owed to Page, to furnish him a safe place to work, embraced the keeping of the express matter in the car arranged in a safe and proper manner.

We are of opinion that the case of Railway v. Farmer, 73 Texas, 89, is decisive of the question in favor of the contention of appellant. In that case a car was loaded with lumber and placed on a side track. The lumber was improperly loaded in that it projected too far over the end of the car; and a brakeman attempting to couple the car was injured

on account of the manner in which the car was loaded.   The Supreme Court, speaking through the present chief justice, said: "In the case before us there is no complaint of any defect in the machinery, or a want of care in the employment of any servant whose negligence caused the injury.   The car on which the lumber was loaded was neither defective nor out of repair.   The negligence consisted in loading the lumber in an improper manner.   Conceding that it was the duty of the station agent to see that it was properly loaded before it was ordered into the train, this was a duty which he owed as a servant merely, and not as a representative or vice-principal of the company."

We think it must be held in this case that the duty which the company owed to Page to have and keep the car in a reasonable safe condition related to the construction and equipment of the car, and not to the arrangement of the express matter in the car.   In arranging the contents of the car the messenger was engaged in discharging his ordinary duties as a mere servant of the company.   He was employed to receive, take care of, and put off express matter, and not to keep the car in a safe condition for the guard.   When Page accepted employment as a guard he assumed the risk of being injured on account of the negligence of his fellow-servant occurring in the usual course of the operation of the company's business.

The charge of the court should have embraced the principles contained in the said special charges, and because it did not, the judgment is reversed and the cause remanded.

*Reversed and remanded.*