## Houston Ice and Brewing Company v. John Pisch.

### Decided December 9, 1903.

**1.—Fellow Servant—Operatives in a Brewing Plant.**

Employes of a brewing plant whose duties are to stack kegs, wash kegs, and the employe whose duty is to direct that work are fellow servants, each assuming the risk of the negligence of the other.

**2.—Same—Assumed Risk.**

A keg washer in the employ of a brewery knew of the slanting, slippery condition of the brewery floor and of the effect upon the same of the energy of an engine used in the business. Held that he assumed the risks in accepting the employment.

Error from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Baker, Botts, Baker & Lovett,* for plaintiff in error.

*Ed S. Phelps* and *Wm. W. Anderson,* for defendant in error.

GILL, Associate Justice.—John Pisch sued the Houston Ice and Brewing Company for damages for personal injuries alleged to have been sustained by him through the negligence of the company.

A trial by jury resulted in a judgment for the plaintiff and the company seeks by writ of error to secure its reversal.

Plaintiff averred, in substance, that he was in the employ of the company which was engaged in the manufacture and sale of beer. That in its factory was maintained an apartment known as a work room where the kegs and barrels designed to contain the beer were stored, repaired, inspected and cleaned. That a part of the duties of his employment was to inspect, wash and stack kegs. That on the day of the accident he was directed by the foreman of the wash house gang (one Florian) to uncork and inspect a certain pile or stack of kegs. That he proceeded to do so, and while so engaged the pile suddenly began to fall and he was struck and injured. The allegations charging negligence are as follows:

"That said kegs so falling and rolling were empty, or nearly so, with hoops protruding beyond each end, and had been stacked or piled about two days previous to said date by defendant, acting by and through its negro servant or servants, careless or incompetent, in an unstable, unsafe and improper way and manner, and to too great height in said wash room, near said pitch machine and near defendant's engine or engines, on an inclined plane floor, tin-covered, slippery and shaky, where said kegs were likely to be shaken down and caused to fall, and were so shaken and caused to fall by the action of the defendant's machinery and engine or engines, while in operation, or otherwise caused to fall, through no fault of plaintiff, all of which defendant well knew or could have known by the use of reasonable diligence; and by reason of defendant's negligence in these matters, as hereinbefore shown, plaintiff,

without fault or negligence on his part, sustained the injuries and damages complained of."

"But plaintiff expressly alleges and declares that his injuries were directly caused by defendant's negligence in failing to exercise ordinary care to protect him from injury while engaged in his work, and in failing to select competent servants to stack the kegs that fell upon him, and in failing to establish proper regulations for the stacking of kegs in said wash room."

Defendant answered by general denial and pleas of contributory negligence, assumed risk, and that the injury was due to the negligence of a fellow servant.

The evidence adduced establishes the nature of defendant's business as alleged. Plaintiff with several others constituted the wash house gang, whose duties required them to handle, stack, inspect and clean the kegs designed to be used as receptacles for beer. The wash house was a large room in defendant's factory designed for repairing, washing and inspecting beer kegs, and several thousand were stacked in the room at the time of plaintiff's injury.

It was necessary to use large quantities of water in cleansing the kegs, so the floor of the room was slightly inclined that the water might run off. It was also covered with tin. There was a piece of machinery known as the "pitch machine" in the room, and there is testimony tending to show that the operation of this machinery caused the floor to throb and shake. It was in operation at the time of the accident, and there was testimony also to the effect that the stack of kegs which caused the injury was caused to fall by kegs thrown from the "pitch machine" being dumped against the pile of kegs.

The pile of kegs which fell and injured plaintiff had been stacked two days before by a negro who was a member of the wash house gang. Plaintiff was in six feet of him at the time and saw them stacked. They were placed end on end to a height of five kegs and there were about forty kegs in the stack.

Florian was the wash house foreman. It is not contended that he had the power to employ and discharge the men under him. He was in a few feet of the pile of kegs when he directed plaintiff and another to uncork and inspect them.

The proof is undisputed that the pile was stacked in the usual manner and as every other pile in the house was stacked, so far as general method was concerned. But plaintiff's testimony showed that the hoops were new and smooth, protruded over the ends of the wooden staves, thus making it easier for them to slip, and that the negro piled them very rapidly.

Plaintiff himself testified that he saw nothing unusual about the stack when he went to work on it or afterwards. He and his coworkman were engaged in inspecting a keg five or six feet away from the pile in question when it fell and damaged him.

There was no proof on the issue of competency of the negro who

stacked the kegs. None on the allegation that they had been improperly stacked except as above stated. None on the allegation of failure to make rules for the safety of the employes.

Plaintiff testified that the jarring of the machinery caused the kegs to fall. One of his witnesses swore that that and the kegs from the "pitch machine" caused them to fall. No witness said they were improperly stacked.

It was shown without dispute that plaintiff was an old hand at his task; had been in the employ of defendant some time; knew that the machinery shook the floor; knew the usual manner in which kegs were stacked in the building, that being a part of his daily duty, and knew also of the slick and slanting floor.

Upon this state of facts the trial court charged the jury in effect, that if the plaintiff's injuries were due to the negligent failure of the company to properly stack the kegs and to keep them properly stacked, they should find for plaintiff unless he knew or ought to have known of their unsafe condition. The jury was further instructed that plaintiff assumed the risk of the slanting, slippery and tin-covered floor, this being a condition of which he knew.

The plaintiff bases his right to recover upon two propositions:

1. The duty to have the kegs safely stacked and to keep them in such condition was a nonassignable duty involved in the rule requiring the master to furnish a safe place to work.

2. He insists the proof shows that Florian saw the kegs were leaning before he sent plaintiff to work about them, and such knowledge on his part was knowledge of the company which imposed the duty of notifying the plaintiff of his danger.

The defendant assigns several reasons for the reversal of the judgment, but as we shall notice only one we shall not state the others.

Its contention is that when the master furnishes safe premises in which to work and safe materials, tools and machinery to work with, he has discharged his duty to the servant in that respect and that in the details of the work he is not required to follow his servants up. That in this case the master had furnished a safe house, safe machinery and a safe floor for plaintiff's use. That the entire duties of plaintiff and his coworkmen consisted in handling and working about kegs. That the stacked kegs in the room were never a fixed and permanent condition but an ever-changing one due to the very nature of the work. That the negro who stacked the kegs was the fellow servant of plaintiff, as was also Florian, the foreman, and the negligence, if any is shown, was that of fellow servants.

It is conceded that the fellow servant doctrine is applicable to corporations of the nature of appellant, our statute on the subject not applying to such concerns.

This being true the proposition seems to be incontrovertible.

Of the slanting, slippery floor plaintiff knew; of the throbbing engine he knew, and knowing assumed the risk.

If the kegs were negligently stacked it was the negligence of the negro. If Florian saw the leaning kegs he also was a fellow servant and the result is the same.

The following cases seem to us conclusive upon the point: Direct Nav. Co. v. Anderson, 29 Texas Civ. App., 65; Wells-Fargo Co. v. Page, 29 Texas Civ. App., 489; Galveston, H. & S. A. Railway Co. v. Farmer, 73 Texas, 85; Young v. Hahn, 6 Texas Ct. Rep., 106.

We conclude, therefore, the judgment of the trial court should be reversed and the judgment should be here rendered for appellant, and it is so ordered.

*Reversed and rendered.*