SAN ANTONIO BREWING ASS'N v. SIEVERT.   (No. 5563.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 5, 1916. Rehearing Denied Feb. 2, 1916.)

1. MASTER AND SERVANT ☞101, 102—INJURIES TO SERVANT—LIABILITY OF MASTER—DUTIES OF MASTER.

It is the master's duty to exercise ordinary care to render the place for work reasonably safe for his servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. ☞101, 102.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. MASTER AND SERVANT ⬅226—INJURIES TO SERVANT—LIABILITY OF MASTER—CARE AS TO PLACE OF WORK—ASSUMPTION OF RISK.

While the master is not liable for failure to provide a reasonably safe place for his servants to work where the very progress of the work renders it impossible to supply a safe place, he is still bound to exercise ordinary care, since the servant working in such a place does not assume the risk of the master's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. ⬅ 226.]

3. MASTER AND SERVANT ⬅235—INJURIES TO SERVANT—LIABILITY OF MASTER—DUTIES OF SERVANT—INSPECTION.

A servant is not required to inspect the place provided him to work for the purpose of discovering concealed dangers, though they might be disclosed by superficial observation, but he can assume that the master has provided him a safe place and safe appliances with which to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. ⬅ 235.]

4. MASTER AND SERVANT ⬅124—INJURIES TO SERVANT—LIABILITY OF MASTER—INSPECTION.

Where the danger of a place to work arises from the work itself, and there is no evidence that the master had knowledge of the danger, or was, by the length of time it had existed, charged with knowledge of it, the mere failure to inspect does not determine his liability, since it must first be shown that he had an opportunity for inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. ⬅ 124.]

5. MASTER AND SERVANT ⬅124—INJURIES TO SERVANT—LIABILITY OF MASTER—INSPECTION—SUFFICIENCY.

The duty of the master to inspect the place to work is not a continuing duty requiring inspection from time to time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. ⬅ 124.]

6. MASTER AND SERVANT ⬅177—INJURIES TO SERVANT—LIABILITY OF MASTER—ACTS OF FELLOW SERVANTS.

Although the master's duty to furnish a safe place to work is nondelegable, he is not liable to an injured servant when the place of work is made temporarily dangerous by the act of a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 307, 352, 353; Dec. Dig. ⬅177.]

7. MASTER AND SERVANT ⬅107 — INJURIES TO SERVANT—LIABILITY OF MASTER—RISKS OF OPERATION.

The master is not liable for failure to provide a safe place to work when such failure results from a risk of operation, but that liability attaches only on failure properly to construct or provide a safe place to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. ⬅107.]

8. MASTER AND SERVANT ⬅201—INJURIES TO SERVANT — LIABILITY OF MASTER — SAFE PLACE.

Where a servant was injured by the falling of a barrel from a stack carelessly piled by a fellow servant, near which he was ordered to work, and there was no evidence as to when the barrels were stacked, or that the master had notice of the danger, or that the utmost diligence would have disclosed the danger, the court should have instructed that the injury resulted from the negligent act of fellow servants, and not from the master's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. ⬅ 201.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Julius Sievert against the San Antonio Brewing Association. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Newton & Newton and Terrell, Walthall & Terrell, all of San Antonio, for appellant. Harris & Newton and Will A. Morriss, all of San Antonio, for appellee.

FLY, C. J. Appellee sued appellant for damages, alleging that he was its employé, and that while in performance of the duty of removing bungs from beer barrels, a barrel fell from a stack of such barrels striking and breaking his left hand. It was alleged that it was the duty of appellant to furnish appellee a safe place in which to work, but that it negligently placed appellee too near where barrels were stacked in a loose, careless, and insecure manner, and that they were stacked at too great a height and could be jarred or shaken down. Appellant denied that it had been negligent, and pleaded assumed risk, contributory negligence, and that the injury was caused by the act of a fellow servant. The cause was tried by jury, resulting in a verdict and judgment for appellee in the sum of $5,000.

The evidence showed that appellee was an employé of appellant; that he was ordered to a certain place in the building of appellant to remove bungs from certain barrels; that while so engaged a barrel fell and struck and disabled his left hand. No one was working near appellee. The evidence fails to show how long the stack from which the barrel fell had been stacked. The barrels were stacked by fellow servants of appellee.

[1, 2] It is the duty of the master to exercise ordinary care to render the place for work reasonably safe for his servants. This rule applies to this case, but there are facts in the case that tend to bring it within that rule which provides that, when the very progress of the work renders it impossible to supply a safe place in which the servant can work, the master may not be liable. In such a case the master is not relieved from the exercise of ordinary care, and, where the work itself creates danger, the master cannot absolve himself from liability for any dangers arising solely from a failure to exercise ordinary care. In other words, the servant, even while working in a dangerous place, does not assume the risk of the master's negligence. In this case appellee claims that he was not working on the stack of barrels from which the barrel fell, and the evidence does not

show anything to put him on notice that there was any danger from the stacks of barrels standing near where he was working. He had never known a barrel to fall from a stack except when it was knocked down by other barrels being thrown against it, and no one, according to his testimony, was near the barrels when he was injured.

[3, 4] As a general rule, the servant is under no obligation either to inspect the place by which his safety may be affected, or to endeavor to discover concealed dangers, which would be disclosed by superficial observation. He can act on the assumption that his master has put him in a safe place and furnished him with safe instrumentalities with which to perform his work. The duty of inspection did not rest upon him. It was the duty of the master to inspect the premises where he had his servant employed, and ascertain whether there was danger in him working near the barrels. This rule would not apply, however, in a case where the danger arises from the work itself, and there is no evidence that the master had knowledge of the danger, or was, by the length of time the danger had existed or other circumstances, charged with a knowledge of the danger. The duty of inspection rests upon the master, but there must be evidence tending to show that an opportunity for inspection arose before the accident happened.

[5, 6] There is a rule that the master is not under obligation to examine into the condition of his appliances from time to time for the purpose of ascertaining whether they expose the servant to those elements which arise from the manner in which the details of the work are carried out. Labatt, Mast. & Serv. § 1066. It is true that the duty of the master to use reasonable care to furnish a safe place in which his employés can work is nondelegable, but that doctrine does not require the utter overthrow of the rule as to fellow servants and make the master liable to a servant although the place was made temporarily dangerous by the act of a fellow servant. As said by the Supreme Court of Minnesota, in the case of Fraser v. Lumber Co., 45 Minn. 235, 47 N. W. 785:

"When it is considered that, where numerous employés are all engaged in prosecuting the same general object, there is hardly one of them whose duties do not, in part at least, in some way relate to or affect the safety of the instrumentalities with which, or of the places in which, the others work, it is easy to see that the rule referred to may be, as it often has been, carried so far as to practically abrogate the whole doctrine of 'common employment.' "

Speaking on this subject, the Court of Appeals of New York, in the case of Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021, held:

"Under the guise of an application of the rule requiring a master to furnish a reasonably safe place for his servants to work in, other attempts before this have been made to deprive a defendant of another equally well settled and just rule of the law of negligence, that a party shall not be held responsible to a servant for an injury occasioned by the neglect of a competent coemployé."

[7] The cases unite in holding that the nondelegable duty of the master in reference to providing a safe place in which to work is one of construction and provision, and not one of operation, and a master is not liable for a risk of operation, but only for those of construction or provision. American Bridge Co. v. Seeds, 144 Fed. 605, 75 C. C. A. 407, 11 L. R. A. (N. S.) 1041; Coal Co. v. Peterson, 136 Ind. 398, 35 N. E. 7, 43 Am. St. Rep. 327; Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556, 3 L. R. A. 559, 8 Am. St. Rep. 787; McGrath v. Thompson, 231 Pa. 631, 80 Atl. 1109; Ponelli v. Steel Co., 64 Wash. 269, 116 Pac. 864; Henry v. Railroad Co., 140 Mich. 446, 103 N. W. 846; Conner v. Draper, 182 Mass. 184, 65 N. E. 39; Durst v. Carnegie Steel Co., 173 Pa. 162, 33 Atl. 1102.

It was held, in the case of Meehan v. Spiers, 172 Mass. 375, 52 N. E. 518, that the master is not bound to protect the servant against transitory perils. This is the theory upon which these cases rest:

"Upon the evidence, the danger to which the plaintiff was exposed was merely a transitory one, existing only on the single occasion when the injury was sustained, and due to no fault of plan or construction, or lack of repair, and to no permanent defect or want of safety in the defendant's works, or in the manner in which they had been ordinarily used."

The law is thus stated by the Supreme Court of Michigan in the case of Wickham v. Railway, 160 Mich. 277, 125 N. W. 22, 52 L. R. A. (N. S.) 1082, 136 Am. St. Rep. 436, Ann. Cas. 1913E, 1069:

"The authorities cited by the plaintiff relate to the rule that the master in the performance of the nondelegable duty of providing a safe place for his employés to work cannot invoke the defense of fellow servant to evade liability. This is a sound doctrine when applied to situations where the master has failed to provide a reasonably safe place to work, or has failed to supply reasonably safe appliances. It does not follow, however, that the employer can be held responsible for the transitory negligent act of a coemployé of the plaintiff, which negligence occurs in the use of a proper tool or instrumentality in a negligent manner, where the defendant in the nature of the case could have no knowledge of the condition, or the act of the fellow servant."

The authorities are overwhelming on this subject, and they are practically followed in a recent decision by the Supreme Court of Texas. Telephone Co. v. Sanders (Sup.) 173 S. W. 865. To the same effect are the following Texas cases: Railway v. Farmer, 73 Tex. 85, 11 S. W. 156; Wells Fargo Co. v. Page, 29 Tex. Civ. App. 489, 68 S. W. 528. In the Farmer Case, as in this, there was no complaint of any defect in the floor or any other part of the house in which appellee was working, but the negligence consisted in the improper stacking of certain lumber, and the Supreme Court said:

"In the case before us there is no complaint of any defect of machinery, or of a want of care in the employment of any servant whose negligence caused the injury. The car upon which the lumber was loaded was neither defective nor

out of repair. The negligence consisted in loading the lumber in an improper manner."

The court held that Farmer had no cause of action.

[8] In this case there is no allegation or proof that the place furnished by appellant was not a reasonably safe one, and the sole ground of negligence is the improper piling of the barrels. The piling was admittedly done by fellow servants. There is no evidence as to when the barrels were stacked. There is no evidence tending to show that appellant had any notice whatever of the dangerous condition in which the barrels were stacked, or that the utmost diligence would have disclosed such dangerous condition. The only evidence as to the time when any of the barrels were stacked is that the pile upon which appellee was working had been there for about three days, and that it had been there longer than any of the other stacks. Did the master know the unsafe condition of the barrels at the time that appellee was ordered to work near them, if he was so ordered, or were the circumstances such as to charge appellant with knowledge of the condition of the barrels? The evidence fails to answer. It merely shows that appellee was injured by the negligence of fellow servants, and not by any negligence of the master. The court should have so instructed the jury.

The judgment is reversed, and the cause remanded.

---

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

