Spencer *v.* The Ohio and Mississippi Railway Company.

motion for a judgment *non obstante* had been overruled, it would be different.

Petition to change mandate overruled.

Filed Jan. 9, 1892.

————————◆————————

No. 15,174.

SPENCER *v.* THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

NEGLIGENCE.—*Inexperienced Servant.—Presumption of his Exercise of Care.—* One employing an inexperienced servant has a right to presume that he will exercise some degree of care to avoid injury, and that he will not place himself in a dangerous position, unless that position is the one he is ordered to occupy.

SAME.—*Servant Engaged in Cleaning Railway Locomotive.—Going Under it.—* An inexperienced servant employed in cleaning a locomotive, who gets under it for that purpose without first notifying the person in charge of it of his intention, is guilty of contributory negligence.

SAME.—*General Allegation of Care Overcome by Specific Allegations Showing Contributory Negligence.—*The general averment of a want of negligence on the part of the plaintiff is controlled by the specific allegations of fact which show that he was negligent.

SAME.—*Incompetent Fellow-Servant.—Ignorance of Plaintiff of His Incompetency.—*In order to hold a master liable for the incompetency of his servant, whom he knows to be incompetent, when such servant has inflicted an injury on another servant, the latter must aver and show that he himself was ignorant of the fact that his fellow-servant was incompetent.

MASTER AND SERVANT.—*Fellow-Servants. — Engineer and Cleaner of Locomotive.—*A servant in charge of a locomotive in a yard, and another servant engaged in cleaning it, are fellow-servants.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellant.

*J. B. Brown, W. M. Ramsey, L. Maxwell, R. Ramsey* and *E. Barton,* for appellee.

MILLER, J.—The sole question is whether the amended

complaint states a cause of action. It alleges, in substance, that on December 12th, 1888, the company employed plaintiff to work in her round-house and yard adjoining, at Seymour, and that a part of his duty was to clean her engines of ashes and fire when they came into the yard ; that he was required to work under the orders of other men until he should learn the business himself, to wit, under the directions of James Sutton, David Quinn and Charles Collmeyer, plaintiff himself being inexperienced ; that on the night of December 28th, 1888, engine 133 came into the yard, and while it was standing on a switch-track to be cleaned, he was ordered by the above-named persons to go with one of them to clean it ; that in order to do said work it was necessary to take off a valve held by a chain that was broken, and was tied by another chain ; that when plaintiff untied the chain the valve dropped down upon the ground, under the engine, midway between the rails, making it necessary for plaintiff to place his head, shoulders, arms and the upper part of his body under the engine boiler to get the valve, which he did ; that while he was thus getting the valve, the engineer, who knew he was cleaning the engine, carelessly and negligently started it and ran it upon plaintiff, thus causing his injuries ; that the condition of the chain and valve rendered the machinery dangerous and unsafe, and exposed plaintiff to unnecessary hazard ; that it had been in that condition for more than ten days, and defendant knew it was in said broken and unsafe condition, and negligently permitted it to remain so, and plaintiff did not know that it was broken and unsafe until he went to said engine to clean it ; that defendant knew of plaintiff's inexperience, and failed to give him any warning of the dangers of the work ; that the person in charge of the engine, and running it. while in the yard, was in defendant's employ, and had been for more than a year prior to that time, and was negligent in the performance of his duties, and was especially negligent in the performance of his said duty with said engine, and was not a skilled or

practical engineer, and was incompetent and only a yard hand, without experience in running or managing locomotive engines, and was, by defendant's orders put at said service; that the defendant knew he was negligent and careless, and defendant was negligent and careless in employing him, and retaining him in its service; that plaintiff was without fault or negligence in all he did as aforesaid, and received his said injuries without fault or carelessness on his part.

It appears from the allegations of the foregoing complaint that the fact that the chain which held the valve was broken was not the proximate cause of the injury. It was the starting of the engine while the appellant was under it that caused the injury complained of. *Pease* v. *Chicago, etc., R. W. Co.,* 61 Wis. 163.

It was not negligence on the part of the persons under whose direction he was working to order him to clean the engine, which at the time was standing still on the track. They had the right to presume, although he was inexperienced in the work, that he would exercise some degree of care to avoid injury. They did not order him to go under the engine, or, for any thing that appears in the complaint, have any reason to suppose that he would place himself in that dangerous position. *Atlas Engine Works* v. *Randall,* 100 Ind. 293.

It is not alleged that he notified the engineer or other persons in charge of the engine that he was going under it, or that they had any notice or knowledge of that fact. Under these circumstances it does not appear that the employees in charge of the engine were guilty of negligence in putting it in motion; but it does appear that the appellant was guilty of negligence, contributing to the injury, in placing himself in this dangerous position without first warning the engineer. It was the assumption of a needless risk on his part. The general averment of want of negligence on his part is controlled by the specific allegations of fact which show that he

was negligent.    *Jeffersonville, etc., R. R. Co.* v. *Goldsmith,* 47 Ind. 43.

If there was negligence on the part of the employees of the company, either in ordering him to clean the engine, or of the engineer in starting the engine, it was the negligence of a co-employee, for which the appellee is not responsible. *Wilson* v. *Madison, etc., R. R. Co.,* 18 Ind. 226 ; *Gormley* v. *Ohio, etc., R. W. Co.,* 72 Ind. 31 ; *Ewald* v. *Chicago, etc., R. W. Co.,* 70 Wis. 420 ; *Pease* v. *Chicago, etc., R. W. Co., supra ; Bergstron* v. *Staples,* 82 Mich. 654.

The allegations charging that the servant in charge of the engine was not a skilled or practical engineer, but was incompetent, and that the defendant was negligent and careless in employing and retaining him in its service, falls short of taking the case out of the general rule, that the master is not liable for injuries caused by the negligence of a co-employee.    In order to do so it must be alleged, in addition to the charges of negligence on the part of the master, that the plaintiff was himself ignorant of the incompetency of his fellow-servant.    *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1 ; *Lake Shore, etc., R. W. Co.* v. *Stupak,* 123 Ind. 210 ; *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75 ; *Rogers* v. *Leyden,* 127 Ind. 50.

We are unable to find in this complaint any averment negativing knowledge on the part of the appellant of the alleged incompetency of the engineer.

We find no error in the record.

Judgment affirmed.

Filed Jan. 26, 1892.