.Spear, J.
A question at the threshold of the case is raised respecting the jurisdiction of the Ohio court to entertain the action, objection being made that, by force of the statutes of this state and of Indiana, the courts of this state may not entertain an action by the personal representative of an employe against a rairoad company where the injury arose from the negligence of the company in the latter state and death has ensued. It being conceded that the right of action rests wholly upon statutory law, not being authorized by the common law, consideration of the question involved here requires an examination of the statutes of the two states bearing upon the subject.
Section 285 of the Revised Statutes of the state of Indiana reads as follows:
“Section 285. [Action for Death of Another, Limitation.] — When the death of one is caused by the wrongful act or omission of another, the personal rep-» resentatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. This action must be commenced within two years. The damages cannot exceed ten thousand dollars and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.”
The title of the Indiana act of March 4, 1893, known as the Employers’ Liability Act, is as follows:
“An act regulating liability of railroads and other corporations, except municipal, for personal injury *140 to persons employed by them, fixing the rules of evidence which shall govern in such cases, and providing that the decisions or statutes of other states shall not be pleaded or proven as a defense in this state: Provided, further, that its provisions shall not apply to any injuries sustained before it takes effect, nor in any manner any suits or legal proceedings pending at the time it takes effect, and declaring an emergency. (Approved March 4, 1893.)”
Then follow provisions specifying the conditions under which the employe may recover of the company for injuries occasioned by its negligence, and among others where the injury is caused by the negligence of any person in the service of the company who has charge of a locomotive.
Sections three and four of the act are as follows:
“Sec. 3. The damages recoverable under this act, shall be commensurate with the injury sustained, unless death results from such injury, when, in sucli case, the action shall survive and be governed in all respects by the law now in force as to such actions: Provided, that where any" such person recovers a judgment against a railroad or other corporation, and such corporation takes an appeal, and, pending such appeal, the injured person dies, and the judgment rendered in the court below be thereafter reversed, the right of action of such person shall survive to his legal representative.
“Sec. 4. In case any railroad corporation which owns or operates a line extending into or through the state of Indiana and into or through another or other states, and a person in the employ of such corporation, a citizen of this state, shall be injured as provided in‘this act, in any other staté where such rail *141 road is owned or operated, and a suit for such injury shall be brought in any of the courts of this state, it shall not be competent for such corporation to plead or prove the decisions or statutes of the state, where such person shall have been injured as a defense to the action brought in this state.”
Section 6134, Ohio Revised Statutes, is substantially similar to Section 285 of the Indiana statute, quoted above, and for that reason need not be reproduced here.
It is established law in Ohio, however, that section 6134 does not extend to wrongful acts causing death outside of this state, and that prior to the passage of section 6134a, Revised Statutes, no action by an administrator for such cause could be maintained in our courts. That section, which was enacted May 21, 1894, reads'as follows: “6134a. [Right by statute of other state, territory or country enforced.] Whenever death has been or may be caused by a wrongful act, neglect or default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory, or foreign country, such right of action may be enforced in this state in all cases where such other state, territory or foreign country allows the enforcement in its courts of the statute of this state of a like character; but in no case shall the damages exceed the amount authorized to be recovered for a wrongful act or default in this state, causing death. Every action brought under this act where the death has already occurred shall be commenced within one year from the passage of this act; and in all other cases, within the time prescribed for the commencement of such *142 action by the statute of such other state, territory or foreign country.”
It is apparent from this section that a condition to the right to maintain such action in this state, where the injury occurred in another state, is that such state allows the enforcement of the statute of this state of like character. That is, if by the laws of such foreign state our statute will be enforced in an action based upon alleged death from negligence occurring in Ohio, then a party may maintain an action of like character here where injury was received in such other state; otherwise not.
It is apparent, also, that if section 4 of the act of Indiana heretofore quoted (the act known as the Employers’ Liability Act), applies to this case, then the statute of Ohio would not be given force in Indiana, for the specific provision is that in a suit brought by a citizen of that state, an employe of a railroad company operating a line in that and another state, to. recover for an injury inflicted in such other state, the corporation shall not plead or prove the decisions or statutes of such state as a defense. No such limitation upon the right of defense is to be found in any statute of Ohio.
It is insisted that this section does not apply because it relates to suits for injury by the employe only, and not to suits for death by a personal representative, as the case at bar. That is, it applies only to a case of violation of contract by the employer, and hence is simply declaratory of the common law that the law of the place where the contract is made governs. But, it is further insisted, if this were not so, that the wording of our Ohio statute does not prevent our courts from taking jurisdiction because the. substance of it is that whenever a foreign state will *143 entertain an action for death occurring in our state, then, by the clear provisions of section 6134a, the courts of our state will entertain like actions for death caused in such other state. And, inasmuch as section 285 of the Indiana statute and section 6134 of our statute, each providing for a case of death, are similar, it is clear that the courts of that state would entertain an action for death occurring in this state.
It is difficult to dissever these Indiana statutes. They both relate to a recovery for an injury to an employe arising from the negligence of the company. That which gives a right of action to the representative where the employe does not survive, gives such right under circumstances which would have given the employe such right had he survived, and in no other. That the right of the representative to maintain the action is predicated upon the right which the injured person would have had, and is no broader, is distinctly held in Helman v. The P. C. C. & St. L. Ry. Co., 58 Ohio St., 400. Hence, in order to determine whether the representative would have such right of action against the company, recourse must be had to the Employers’ Liability Act to determine what conditions must obtain before the employe could maintain an action, had he survived. The two, therefore, are in pari materia; they go together. This seems to have been the intention of the framers of the later act as expressed in section 3 by the provisions that the right of action, when death results, shall survive to the representative, and shall be governed in all respects by the law in force as to such actions which, of course, includes section 285. And, taking both the acts together, it seems plain that the test of liability against the company which the Indiana courts will recognize, is *144 found in the Indiana statute, and not in any Ohio statute or decision. In other words, Indiana law prevails; Ohio law is not considered. If then the later act is to be regarded at all in arriving at an understanding of the law of Indiana in a case of death, what warrant is there for excluding section 4 from consideration? The “suit for such injury,” specified in the section, must mean any suit for such injury. It may be brought by the employe if he be alive, but if not, then his representative, under favor of section 285, may maintain the action; and if prosecuted by the injured employe to judgment, and that be reversed, and he die, then the action will survive to his legal representative. If the claim of defendant in error be correct, and this section is to be excluded from consideration in case death has ensued, let us see how it would result practically. A suit is brought direct by an employe injured in another state through which the inter-state line passes, and as to his cause of aetion the section will prevent the company from setting up any decision or statute of the state where the accident occurred as a defense. Another suit for an injury to another employe, who by the same negligence was killed, is brought by his representative, and, as to such cause of action no inhibition as to defenses exists. A similar condition would arise in case of a trial of a cause revived in the name of the representative after judgment in favor of the employe had been reversed. It seems not reasonable to conclude that the law-makers of our sister state intended any such discrimination as between one who is merely injured, and the widow and next of kin of one who was killed outright.
Nor is there ground for saying that our statute, section 6134a, is satisfied by the mere entertaining by *145 the courts of another state of a cause of action for death occurring in our state. Such is not the language of the law. It is not the entertaining of the suit that is stipulated for, but enforcement of our statute of like character. This means that it is the law of Ohio which the sister state will enforce; not necessarily the law of that state, for where there is an essentiál difference as has already been pointed out, it cannot be said that by enforcing their own law the court of the other state is enforcing our statute. Our statute rests upon the ground of reciprocity which is based upon the idea of comity, and the very essence of reciprocity implies that each state, as to the subject matter, shall have and enforce indentical laws; not simply provisions which may be in many respects similar, but in all essential particulars the same. It seems to us clear that the laws of Indiana, while they permit the bringing of actions in the courts of that state to recover for death occurring in another state, require the determination of the rights of the parties by the provisions of their own laws, but do not enforce the laws of the state where the injury was committed.
Attention is called by counsel for defendant in error to the case of The P. C. C. & St. L. Ry. Co. v. Hosea, 152 Ind., 412. We are unable to see that the decision aids their contention. It is true the court sustained an action against the company for death occurring in Kentucky, but it is equally true that the court was guided by the law of Indiana and enforced that law. Indeed the reference to the subject of Kentucky law in the last paragraph of the opinion indicates that as the counsel had not argued in their brief whether the complaint should be determined by *146 the laws of Kentucky or of Indiana they had waived it.
But if the later act is to be wholly excluded from consideration, a result would seem to follow entirely fatal to the action, although on a different ground. The negligence complained of is that of a locomotive engineer. The deceased was a brakeman of another train. By the law of Indiana as it stood before the passage of the Employers’ Liability Act, the engineer was a fellow-servant with the brakeman; hence there would be no liability on the company for his acts. Spencer v. The Railway Co., 130 Ind., 181. So it would appear that plaintiff below was compelled to rely upon the act referred to as a part of her cause of action, and it was relied upon, for we find parts of the act set out in the petition.
The question of jurisdiction was properly made at the trial. We are of opinion that, under the laws of the two states applicable to the cause of action of the plaintiff below, that action cannot be maintained in an Ohio court, and that the courts below erred in holding otherwise. This conclusion renders it unnecessary to determine the other assignments of error presented by the record and argued by counsel. The judgments below will be reversed, and, inasmuch as the court of common pleas had not jurisdiction to entertain the action, final judgment of dismissal will be entered here.

Reversed.

Shauck, C. J,, Burket and Davis, 33., concur.