Young *v.* St. Louis, Iron Mountain & Southern Railway Company.

Opinion delivered October 9, 1911.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Where under the rules of a railway company it was the duty of a fireman, before going under his engine, to notify the engineer, and a fireman went under the engine without notifying the engineer, and without his knowledge, and while he was there the engineer moved the engine, whereby the fireman was injured, the negligence of the fireman precludes his recovery.

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; affirmed.

*J. W. Blackwood, E. G. Hammock* and *John W. Newman,* for appellant.

1.  It was the engineer's duty to keep a lookout for appellant, and his failure to obey the rule as to ringing the bell was negligence. 123 S. W. 792; 62 Ark. 235; 127 S. W. 19; 101 S. W. 439; 43 L. R. A. 375.

Since it was necessary for appellant to get down on the ground and put some part of his body in front of the engine or its wheels, it was negligence for the engineer to move the engine without warning after he had been notified that plaintiff was sparking the engine. 36 Ark. 607; 67 Ark. 377; 84 Ark. 380, 381.

2.  Since the plaintiff was sparking the engine in the only way open to him because of the condition in which it had been and was being kept by the defendant, he was not guilty of negligence. 128 S. W. 291; 51 Ark. 476; 7 Am. & Eng.

Enc. of L. 373, 374.  The rule of the defendant, requiring
him to inform the engineer before going under the engine,
would not apply where he merely put his hand under it.
167 U. S. 48;  77 S. W. 263.  And he did not, by working
on the engine with the defective slide, assume any risk of
defendant's negligence in failing to ring the bell.  129 S. W. 88;
87 S. W. 324;  77 S. W. 263.

3.  It was error to direct a verdict.  The case should have
gone to the jury for them to decide, under proper instructions,
whether appellant was negligent in taking the course he did.
82 Ark. 11;  100 S. W. 83;  87 Ark. 443;  112 S. W. 967;  123
S. W. 376;  91 Ark. 88, 89;  90 Ark. 547;  Thompson on Neg-
ligence, White's Sup., § § 5479, 5486;  33 Ind. App. 95;
136 S. W. 655.  It should also have been submitted to the jury
to decide whether the plaintiff was actually violating the rule
of the defendant at the time he was injured, and, if so, whether
it was such contributory negligence as to preclude recovery.
37 Ark. 164;  Id. 239;  Id. 580;  35 Ark. 146;  33 Ark. 350;  36
Ark. 451.  See also 84 Ark. 566;  82 Ark. 89.

*W. E. Hemingway, E. B. Kinsworthy,* and *James H.
Stevenson,* for appellee.

Under the appellant's own testimony, he was guilty of
contributory negligence.  Both the rule of the company and
the general principles of contributory negligence in exposing
himself to danger from movement of the engine without
notice to the engineer preclude recovery.  84 Ark. 377, 380-1;
1 White, Pers. Injuries, § 416;  130 Ind. 181;  27 N. E. 915;
77 Ark. 405.

HART, J.  Appellant brought this action against appellee
to recover damages for personal injuries alleged to have been
sustained by him, while in the employ of appellee, by reason
of the negligence of a fellow servant.  At the conclusion of
the testimony, the court directed a verdict against him, and
from the judgment rendered he has duly prosecuted an appeal
to this court.  Appellant had been in the employment of
appellee for six years as a fireman.  At the time he received
the injuries complained of he was a fireman on a freight train.
He had been with the engineer of the train for about six months.

The train started from El Dorado, Arkansas, to Collinston,
Louisiana.  The hostler had not cleaned the engine the night

before. When the train got to Payne, about 9 o'clock in the morning, the engineer asked the fireman why he could not keep the engine hot. The fireman told him he was going to get down and spark the front end of the engine, that is, to open a slide at the front end of the engine where the cinders accumulated and release them and knock them out. He went over to the engineer's side of the engine, got the coal pick and went down and pulled the slide out.

The chain that was used to keep it from falling was broken, and the slide being hot, he dropped it, and it fell under the engine. After the fireman had knocked out some of the cinders, he got down on his knees and reached under the engine. He had his right hand and shoulder up against the pilot beam, between the pilot beam and pony trucks. While in this position, without any warning to him, the engineer moved the engine. The fireman had just got his hand on the slide when the engine moved and caught his arm. He cried out, and the engineer at once stopped the engine. The fireman was severely injured.

A rule of the company required that the engine bell must be rung when the engine is about to be moved. The engineer did not ring the bell or give any other signal or warning that he was about to move the engine.

It was also the duty of the fireman to notify the engineer before going under the engine, and the fireman knew of the existence of this rule. The fireman also testified that ordinary engines could be "sparked" by standing on the front end of the engine, but in the case of the engine in question this could not be done, because there was nothing on the front end of the engine to stand upon. Then, too, he said that the chain which kept the slide or gate from falling, when it was pulled out, was broken, and had been broken off for about sixty days. The fireman had been on that engine for fifty-eight of those sixty days, and had sparked the engine five or six times each day.

It may be conceded that the engineer was negligent in moving the engine without ringing the bell or giving some kind of warning of his intention to do so, and still the appellant was not entitled to recover. A rule of the company required the fireman (appellant) to notify the engineer before going under the engine. This he did not do.

After the slide had fallen under the engine, he raked out the cinders, and then got down on his knees in front of the engine and reached under it for the slide.  He was guilty of contributory negligence in placing himself in this dangerous position without first warning the engineer.  His neglect to warn the engineer was clearly the cause of the accident.

It is true that the chain had been broken off the slide for sixty days, and it may be inferred that the engineer should have known he was going to get down on the ground to spark the engine;  but, even so, it was not necessary that the fireman should go under the engine to spark it; and it cannot be said that the engineer should have anticipated that the slide would fall under the engine, and that the fireman would go under there after it without notifying him.

As was said in the case of *Crane* v. *Chicago, M. & St. P. Ry. Co.*, 93 Wis. 487, 67 N. W. 1132, "without notice to him, he took upon himself to determine what the engineer might or might not do, and he assumed the risk of the most unfortunate consequences that ensued, because he failed to give the necessary notice."

In that case the court held (quoting from syllabus): "Where it was an established custom on a railroad, between the engineer and fireman, that either, on going under the engine for any purpose, should notify the other, and a fireman went under his engine without notifying the engineer, and without his knowledge, and while there was injured by reason of the opening of the blow cock by the engineer, the negligence was that of the fireman, and he cannot recover for the injury, though the act of the engineer was negligent; his own negligence being the proximate cause of the injury."   See also *Spencer* v. *Ohio & M. Ry. Co.*, 130 Ind. 181.   The negligence of the appellant which contributed to his injury consisted in his placing himself in a dangerous position, but for which the accident would not have occurred, without notifying the engineer. It is a fundamental principle that a person can not recover damages for an injury occasioned by negligence merely, which would have been avoided by the exercise of ordinary care and prudence on his part.

It follows that the court did not err in directing a verdict for appellees, and the judgment will be affirmed.