Filed March 25, 1896.

No. 1,975.

## The New Pittsburgh Coal and Coke Company v. Peterson.

APPEAL.—*Decision.*—*Law of Case.*—A decision on appeal is conclusive on a second appeal involving the same questions.

MASTER AND SERVANT. — *Negligence.* — *Damages.* — *Fellow-servant Rule.*—*Mines and Mining.*—A foreman in a mine whose duty it is to employ and discharge workmen, direct them in their work, look after the machinery and direct when it shall run, is a fellow-servant with a workman employed by him while the two are cleaning the sprocket wheels used in running an elevator in such department ; and the employer is not liable for an injury to such workman by the negligence of the foreman caused by the failure of the latter to detach endless chains used in running the elevator as it was his duty to do.

From the Sullivan Circuit Court.

*J. S. Bays*, for appellant.

*Reiley & Emison*, for appellee.

REINHARD, J.—This is the second appeal in this cause. In the former the judgment was reversed for the insufficiency of the complaint and error in overruling a demurrer thereto.  *New Pittsburgh Coal and Coke Co.* v. *Peterson*, 136 Ind. 398.

After the reversal, the appellee attempted to amend his complaint so as to conform to the view of the Su-

preme Court, concerning the requirement necessary to make it sufficient. After the filing of the amended complaint the appellant again demurred. The court overruled the demurrer, and the appellant excepted and assigns the ruling as error.

Formerly the complaint was in four paragraphs. The amended complaint contains but a single paragraph.

It is urged by appellant's counsel that in the respect in which the original was held defective, the amended complaint is equally so. If this be true, the cause must be reversed, for the ruling on the former appeal is the law of the case and remains so throughout all subsequent stages. Elliott App. Proced., section 578. It appears from the averments of the complaint as amended that one Gus Lawrent (called Lawrence in the former opinion) was a foreman in charge of that department of the mine in which appellee was injured while at work for the appellant; that it was Lawrent's duty to employ and discharge the workmen, including the appellee, and to direct them in their work, and also look after the machinery and keep the same in repair and running order, and direct when it should run and when remain idle; that appellant had a coke yard in which there was an elevator, which was composed of two wooden upright shafts through which two endless chains passed, to which were attached iron brackets passing over sprocket-wheels at the bottom and top of said shafts, which wheels, at the bottom of the shafts, were attached to an iron axle turned by means of a chain belt attached to the engine and axle, and propelled by means of said engine; that appellee was employed to work in said coke yard in hauling slack, etc., in a wheelbarrow, at $1.25 a day, as a common laborer, and was wholly ignorant of the uses of machinery therein; that said machine was not under the control of said Lawrent, nor

did he have any control over the engine in charge thereof, but that said Lawrent could have easily detached the link belt which moved said elevator from the axle, all of which facts said Lawrent then knew; that on the 19th day of February, 1889, and the night following, it was exceedingly cold, and water carried up in the iron buckets to the top of the elevator, froze in said sprocket-wheels so that the elevator could not be used by reason thereof, and on the morning of the 20th day of February, 1889, said Lawrent, acting for the appellant, ordered the appellee to go with him to the top of said elevator to remove said ice and slack therefrom, so that appellant could proceed with the business of elevating coal, in which it was engaged; that by the usual method of conducting appellant's said business, the engine blew a whistle at 7 o'clock each morning as a signal for all of the employes to assemble at the works and place themselves in readiness for said business, and said engine was thereupon at liberty to be started by the engineer at any moment, which facts said Lawrent knew, but appellee did not know, nor was appellee informed that the engine was at liberty to be started before the hour of 7:30 o'clock A. M., but, on the contrary, he had been informed by other employes that it did not start before that hour, at which time the engine again blew the whistle; that the appellant had in no way informed appellee that the engine would be started before 7:30 A. M., upon that or any other day; that in obedience to said order of said Lawrent, at the hour of 7 o'clock A. M., on said day, the appellee went with said Lawrent to the top of said elevator, and, by his order and direction, stood with his toes on the bottom of one of said iron buckets so attached to said endless chains, and his heels on the top of the wooden chute just opposite said bucket, and began to chop and remove said

ice and frozen slack from said sprocket-wheels with a mattock, provided him for that purpose by said Lawrent, while the latter stood upon the opposite side of said sprocket-wheels, and there in like manner began to remove the ice and frozen slack from said wheels; that while they were so engaged in said work, and before the hour of 7:30 A. M., said engine was started by the appellant without any notice or warning to the appellee, and the endless chains and buckets were suddenly pulled downward and caught appellee between the side of the shaft in which they moved and one of said iron buckets, and without any fault of appellee, greatly crushed, bruised and wounded him; that said Lawrent wholly failed to detach the chain belt, which moved said endless chain from the engine, or to notify the engineer or any other person that he and the appellee were going to clean said sprocket-wheels, or that the same needed to be cleaned; that appellee believed and had the right to believe that said engine had been detached from said endless chain, or that the engineer had been notified said sprocket-wheels were about to be cleaned; that there was no other place upon which appellee could stand and do the work in which he was engaged than the place where he then stood; that it was the duty of said Lawrent, under and by virtue of the authority so entrusted to him by the appellant, before he directed appellee to do said work, to detach said endless chains from said engine, or to notify the engineer in charge thereof that appellee was about to do said work, or to notify appellee that said engine was liable to be in motion before 7:30 o'clock A. M., but that said Lawrent wholly failed to do any of said acts; that appellee believed, and had a right to believe, that said Lawrent and the appellant would provide for the safety of appellee while so engaged in said work, and therefore made

no examination nor inquiry to learn if such provisions had been made for his safety; that so long as said endless chains were not moving there was no danger attending the work, but that it could not be performed at all when they were in motion, and said Lawrent well knew this fact; that it was no part of the work in which appellee had been employed to clean said sprocket-wheels, and he had no knowledge of the danger attending the same before he was injured, but that said Lawrent well knew the hazardous work it was, but failed to inform appellee of that fact.

In the former opinion it was held that the complaint, as then framed, counted upon negligence in not delaying the starting of the machinery while Peterson was in the elevator. This, it was decided, was the negligence of Lawrent and not of the appellant.

It was there also declared that the only allegation of Lawrent's relation to the master was that he (Lawrent) was the appellant's agent with full authority "to control the work of and to employ and discharge the plaintiff from his employment, as well as other servants of said defendant." It was held that "the questions of rank and of power to employ servants are not controlling in the consideration of the relation of Lawrent to the appellant," but that "the controlling consideration is whether that act or omission is one arising from a duty owing by the master to the servant, the discharge of which duty is entrusted by the master to the negligent servant."

In the complaint now under consideration the only averments of any materiality, concerning the alleged negligent acts of Lawrent and the relation he sustained to appellant, in addition to those contained in the original complaint, are that Lawrent failed to detach the endless chains from the engine, and that it was his duty

to do so.   Are these additional allegations sufficient to take the case out of the rule applying to cases of fellow-servants, as laid down in the opinion of the Supreme Court on the former appeal?

As was said by this court in a recent case concerning the rule in such cases:   "It is the duty of the master to provide his servants with safe working places;  to provide for their use safe machinery, appliances, tools and implements; to provide safe materials, * * careful and competent fellow-servants; to keep machinery, tools and implements in repair, and working places in safe condition; to take notice of the liability of machinery and appliances to wear out and become defective with age and use; to instruct the young and inexperienced servants as to their duties, and warn them of danger and how to avoid it; to regulate and so conduct his business that his servants may be the least exposed to danger, and to do nothing by which the danger to his servants may be unnecessarily augmented."    *Cole Bros.* v. *Wood*, 11 Ind. App. 37, 48.

In the present case it is not the theory of the complaint that the appellant was negligent in the performance of any of these duties.   There is consequently no question as to a failure to provide a safe place to work, or allowing any portion of the machinery to remain out of repair, or to provide a competent person to perform the acts, the omission of which is relied upon as constituting the negligence in this case.   The theory of the complaint is that Lawrent was a vice-principal, whose duty it was to order the appellee to perform the work in which he was engaged when injured; that he did order him to do so;  that such work was extremely perilous because appellee was required to stand upon the buckets attached to the machinery when the engine was likely to start at any time;  that the danger could have been

avoided had Lawrent delayed the starting of the engine, or detached the endless chains, or warned the appellee, as he was in duty bound to do, that the engine was about to start, although it is also shown that Lawrent had no control over the engineer.

The fact that Lawrent was a superintendent or boss in the department in which he and appellee were at work in cleaning the wheels, did not necessarily make him a vice principal in the performance or omission of the acts which it is alleged were the cause of appellee's injuries. Appellee and Lawrent were fellow servants in the work of cleaning the sprocket wheels. Lawrent, it is true, also had other duties assigned him, but they were not such, according to the holding upon the former appeal, as might not have been delegated to any other servant by the appellee. This court has had occasion to give construction to the decision of the Supreme Court rendered on the former hearing, and in doing so, Lotz, J., speaking for a majority of the court, said: "The acts that increased his [Peterson's] peril, were starting the machinery, coupled with the failure to give him warning. Both of these, the starting of the machinery and the failure to warn, are such acts as usually and naturally devolve upon a fellow servant." *Cole Brothers* v. *Wood, supra,* p. 60.

Nothing has been added by the amendment to the complaint that changes the statement of facts so as to take the case out of the rule applicable to fellow-servants as laid down by the Supreme Court on the former appeal. The additional duty alleged to have devolved upon Lawrent, viz: that of unfastening the chains, was of the same character as those alleged to have devolved upon him in the original complaint. When the appellant had provided a competent person, such as Lawrent, to perform these acts, it had done all the law demanded at its hands.

The appellant could not be held to know or anticipate that Lawrent would fail in the proper performance of the duties entrusted to him.

The court, therefore, erred in overruling the demurrer to the amended complaint.

Judgment reversed.

Filed March 26, 1896.