PETERSON *v.* NEW PITTSBURG COAL AND COKE COMPANY.

[No. 18,162.    Filed January 7, 1898.]

NEGLIGENCE.—*Personal Injuries Resulting from Incompetent Fellow Servants.—Complaint.*— In an action for damages for personal injuries caused by the incompetence of fellow servants a complaint is fatally defective which does not contain an averment that the plaintiff was ignorant of the delinquencies of such servants. *p. 262.*

Peterson *v.* New Pittsburg Coal and Coke Co.

MASTER AND SERVANT.— *Negligence in Furnishing Place to Work.* —*Complaint.*—In an action by an employe for damages for the failure of his employer to furnish a safe place to work, the complaint must aver the practicability of additional appliances for the safety of employes, and that plaintiff at the time of the injury was ignorant of the dangers to which he was exposed.   *p. 263.*

SAME.—*Presumption as to Competency of Servant.*—When a person of mature years takes employment in a service, whatever the ordinary hazards, he must be presumed in the absence of allegations to the contrary, to possess knowledge and skill fitting him for the service. *p. 263.*

From the Sullivan Circuit Court.   *Affirmed.*

*George G. Reily,* for appellant.

*John S. Bays,* for appellee.

HACKNEY, J.—This is the third appeal of this case, see *New Pittsburg, etc., Coke Co.* v. *Peterson,* 136 Ind. 398; *New Pittsburg, etc., Coke Co.* v. *Peterson,* 14 Ind. App. 634.   The lower court sustained the appellee's demurrer to each of the two paragraphs of amended complaint, and that ruling is here assigned as error. The sufficiency of the first paragraph only has been discussed by appellant's counsel, and will alone be considered.   The facts alleged disclose that the appellant, an employe of the appellee, was engaged in cutting ice from the sprocket wheels of a coke elevator, that in doing so his feet rested partly upon one of the elevator buckets, and that while so engaged the machinery propelling the elevator was started, and he was thereby thrown upon the buckets and against other parts of the elevator and seriously injured.

The company conducted its business of mining, farming, merchandising, and operating coke ovens, through a general superintendent, who selected a foreman, with power to employ, direct, and discharge servants, for each of the departments of said business.

At the time of appellant's injury he was acting pursuant to directions from the foreman of the coke department, who was assisting in the work of removing

the ice from the elevator. In the two former appeals it was held that the foreman was a fellow servant, and not a vice principal. Nothing is alleged in the complaint as again presented to us, which would give any other character to the service of the foreman at the time. An effort was made, however. to take the case out of the fellow servant rule, by allegations that the superintendent and foreman were each unfit for the service in which they were engaged, by reason of their ignorance, respectively, of the duties of the positions in which the company employed them. Several delinquencies in duty were alleged against the foreman and the superintendent, such as the failure of the latter to be present at times, his omission to give particular instructions, by rule or otherwise, as to the time of starting the machinery, and the failure to instruct the appellant as to the dangers of appellee's machinery, and the failure of the former to see that the belt connecting the power with the elevator was thrown off during the work, or to see that the power was not applied, and in placing appellant in a place of danger.

The pleading is meager and doubtful, if not deficient, in allegations disclosing that any of such alleged delinquencies were the proximate cause of the injury; but a fatal deficiency in the pleading was a failure to allege, directly or indirectly, that the appellant was ignorant of the delinquencies of said servants, or that he did not know that they were unfit for the service in which they were employed. That such allegation was indispensable, as showing that the risk had not been assumed, has been often decided. *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156, and cases there cited. See also *Pennsylvania Co.* v. *Congdon,* 134 Ind. 226; *Ames* v. *Lake Shore, etc., R. W. Co.,* 135 Ind. 363; *Ohio, etc., R. W. Co.* v. *Dunn,* 138 Ind. 18; *Evansville, etc.,*

*R. R. Co.* v. *Tohill, Admx.*, 143 Ind. 49; *Salem-Bedford Stone Co.* v. *Hobbs,* 144 Ind. 146.

It was alleged, also, that the place where the appellant was required to work was unsafe, in that a second or additional platform was not constructed about the elevator at the upper sprocket, upon which to stand while engaged in the work then in hand. It was not alleged that it was practicable to maintain an additional platform, nor that the platform occupied by the foreman while assisting in the work was not sufficient for all purposes, in connection with the elevator. Judging the sufficiency of the pleading, we may not supply by inferences or presumptions, the necessity or practicability of an appliance merely from an allegation of its absence.

The complaint, as to the question of an unsafe place to work, is defective for the additional reason that it is not alleged that the appellant was not aware of the defect and its dangers. See authorities above cited.

As to the alleged failure to instruct the appellant concerning the dangers of appellee's machinery, it was not made to appear that the appellee or the superintendent or the foreman knew, or had reason to believe, that the appellant was ignorant of or incapable of comprehending, the dangers connected with the use of the appellee's machinery, or that, from his age any duty to advise him could be implied. The ordinary rule is that when a person of mature years takes employment in a service, whatever the ordinary hazards, he must be presumed in the absence of allegations to the contrary, to possess knowledge and skill fitting him for the service.

It was not alleged that the appellee knew of latent dangers in the machinery, its use, or in the place to work, that appellant was ignorant of such dangers, and that the appellee failed to notify him. For any-

thing appearing in the complaint the allegation does not have reference to extraordinary hazards.

In our opinion, the complaint was bad, and the lower court did not err in sustaining the demurrer thereto. The judgment is affirmed.