Smallwood v. Bedford Quarries Co.

---

SMALLWOOD, BY NEXT FRIEND, v. THE BEDFORD QUARRIES COMPANY.

[No. 3,628. Filed April 29, 1902.]

MASTER AND SERVANT.—*Personal Injuries.*—*Fellow Servants.*—*Assumed Risk.*—Plaintiff was one of a gang of three quarrymen engaged in loading waste stone on a dump car, and running it to where it was dumped. Plaintiff's two fellow servants had placed a large stone beside the track in such a manner that it fell upon plaintiff

Smallwood v. Bedford Quarries Co.

while he was pushing the car. Plaintiff was subject to the orders of one of the employes who placed the stone in the position from which it fell. *Held,* that the negligence in the placing of the stone was that of a fellow servant and there could be no recovery at common law. *Held,* also, that the danger incurred was assumed as an ordinary risk of the service.

From Lawrence Circuit Court; *Newton Crooke,* Special Judge.

Action for damages for personal injuries, by Frank Smallwood against the Bedford Quarries Company. From a judgment for defendant, plaintiff appeals.. *Affirmed.*

*J. R. East, R. H. East* and *McHenry Owen,* for appellant.

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks,* for appellee.

COMSTOCK, C. J.—Action for damages on account of personal injuries received by appellant. The complaint is in two paragraphs. The first charges that appellant was in the employ of appellee, and was ordered by its foreman, one Fred Bowen, to assist in pushing a dump car along and over a track in appellee's quarry; that the defendant had carelessly and negligently placed a heavy stone, three feet long, two feet wide, and eight inches thick, on a bank of broken stone near said track, and in close proximity to a passing dump car; that the stone had been placed on a pivot, and was liable to fall over toward said car, and on the employes pushing the same, which was known to appellee, but not known to appellant. That appellant had, at the date of his injuries, but little experience in working in quarries,—especially appellee's quarry; that appellant's view of said heavy stone was obstructed by the car; that he obeyed the order given him by said foreman, Fred Bowen, placed his hands against the car with other employes, and, without being able to see how the said stone had been placed, and that the same was liable to fall and injure him, he assisted in pushing

said car, and, when reaching a point opposite the stone, it suddenly fell against his leg, and caused the injuries set out in the complaint.

The second paragraph charges the same facts, and, in addition, that the appellee negligently allowed the stone which fell and caused plaintiff's injuries to remain on the bank for a space of one hour, in the dangerous manner described in the first paragraph, and also charges that appellee's foreman had ample time and opportunity to know of the dangerous condition of said stone; that he had passed near it, and, by a reasonable inspection, could have known that the place at and near said stone was dangerous and unsafe for appellee's employes to work at and about; that appellant did not know of the danger, or of the liability of the stone to fall; that his view was obstructed by the car; and that he was injured as described in the first paragraph of the complaint.

In each paragraph it is also alleged that appellee was a corporation engaged in quarrying and shipping stone, employing a great number of servants; that appellant was nineteen years old, and was employed to work upon the derrick in said quarry, to assist at the wheel and base thereof; to assist in moving the dump car, when loaded, to a point where it was unloaded, when directed so to do by the foreman or others in charge of said derrick. The cause was put at issue by denial. The jury returned a verdict in favor of appellant for $1,000, and with the verdict returned answers to interrogatories, upon which, upon motion, the court rendered judgment in favor of appellee notwithstanding the general verdict. This action of the court is assigned as error. The second specification of error is the refusal of the court to render judgment in favor of appellant upon the general verdict.

In answer to interrogatories, the jury found that Fred Bowen and Wm. Brazzell put the stone in the place from which it fell not more than five minutes before plaintiff was

injured. At the time of his injury, plaintiff was one of a gang of three men engaged in loading waste stone on the dump car, and then running the car to the dump and there unloading it. Said three men assisted in loading, and Bowen and Brazzell, dumped said stone. When his fellow laborers put the stone in the place from which it fell, he did not see its position, and the conditions surrounding it. When the plaintiff's fellow laborers put the stone at said place, the plaintiff, before he was injured, possibly, if given time, and he had looked, could have seen the position and conditions surrounding the stone. Immediately before it injured him, he was standing by the side of said stone. It was in full view of the plaintiff, and plain to be seen, had he looked, if given a reasonable opportunity to investigate. Fred Bowen worked at the derrick; assisted in loading the car, and in unloading it, with the other workman. Immediately before the stone fell, Bowen and Brazzell and plaintiff were pushing the car. When the three men were pushing the car, at the time the stone fell, it was partly leaning on the corner of the car. The pushing of the car away from the stone caused it to fall. Plaintiff had worked around quarries, and had been familiar with the work in quarries, for several years. The fact that the plaintiff was hastily obeying orders prevented him from seeing the stone and its situation before pushing the car. The stone fell when the car had been pushed from six inches to one foot. Plaintiff took his position to push the car without looking and without seeing that the place where he was standing was dangerous. Plaintiff had been engaged for three weeks before his injury, at the same place, at the same kind of work. Fred Bowen was in charge of the derrick and the hauling of the stone at the time of plaintiff's injury. Wm. Brazzell dumped the stone which injured plaintiff, while Fred Bowen was giving directions. Fred Bowen was the only agent or foreman in charge of the derrick or work where the plaintiff was injured, on the day of his injuries. The

said stone which injured plaintiff was placed on its edge against a T rail, and across the ties, for chocking, a short time before plaintiff's injury. Plaintiff, at the time of his injury, was bound to obey the orders of Fred Bowen. Wm. Brazzell pulled the link which dumped the stone while Fred Bowen was standing by giving directions to him as to the work.

We need cite no authorities to the effect that every presumption is indulged in favor of the general verdict, or that, if there is an irreconcilable conflict between the general verdict and the answers to interrogatories, the latter must control. It is conceded by appellant's counsel that this action was at common law, and not under the statute relating to the liability of corporations for personal injuries to employes. It must therefore be determined upon that theory. The general verdict finds, with other essential facts, that the injury for which compensation is sought was occasioned by the negligence of appellee, and that said negligence was not the act of a fellow servant. If it appears that the negligence charged was that of a fellow servant, appellant ought not to recover. No attempt has been made to make the evidence a part of the record.

Do the facts specially found show that Bowen, by whose direction the particular stone was placed dangerously near the track along which the dump car was pushed, was a fellow servant or principal? "The rule in this State now firmly settled is that a difference in rank or power to control and direct or to discharge from service is not the test as to whether one is a fellow servant or a vice-principal. The controlling inquiry must be as to whether the act or omission resulting in injury involved a duty owing by the master to the injured servant." *Robertson* v. *Chicago, etc., R. Co.,* 146 Ind. 486. This court in *Peirce* v. *Oliver,* 18 Ind. App. 87, has said: "It is now well settled that the decisive test, whether in a given case an employe is to be regarded as a vice-principal or a fellow servant, is not his title or rank or

power to employ or discharge, but the nature of the services which he performs." *American, etc., Co.* v. *Bower,* 20 Ind. App. 32; *Perigo* v. *Indianapolis, etc., Co.,* 21 Ind. App. 338; *Justice* v. *Pennsylvania Co.,* 130 Ind. 321; *Peirce* v. *Oliver,* 18 Ind. App. 87; *New Pittsburgh Coal, etc., Co.* v. *Peterson,* 14 Ind. App. 634; *New Pittsburgh Coal, etc., Co.* v. *Peterson,* 136 Ind. 398, 43 Am. St. 327; *Louisville, etc., R. Co.* v. *Isom,* 10 Ind. App. 691.

"The master is not liable to the servant for injuries resulting from the negligence of a fellow servant engaged in the same general line of duty, where the negligent act is performed in the capacity of servant. Servants engaged in the same general line of duty are fellow servants although one may be superior, and the other may be subordinate servants under his immediate direction and control." *Indiana Car Co.* v. *Parker,* 100 Ind. 181, 185, 186, and cases cited.

The facts found show that Bowen had charge of the derrick, and directed and assisted in the locating of the stone which fell upon appellant, and in loading and the removal of the broken stone by the dump car. The taking of the stone on the car to the dump, and dumping it, was but a part of the work to be done at the quarry, in the business in which appellant was employed. In the performance of this work, Bowen and Brazzell were, in common with appellant, engaged in a duty to the master. Appellant, Bowen, and Brazzell were engaged in the removal of broken stone. If the track was dangerous, it was made so by them. It was the result of their common labor. Such risk appellant, in common with his fellow workmen, assumed. *Ross* v. *Union, etc., Co.,* 25 Ind. App. 463.

In the light of the authorities and the facts found, appellant's injury was due to the negligence of a fellow servant. It is apparent, too, that the danger he incurred was assumed as an ordinary risk of the service. The facts specially found can not be reconciled with the general verdict. Counsel for

appellee earnestly insist that the facts found show, also, that the appellant was guilty of contributory negligence. This question need not be determined.

Judgment affirmed.