WALTER ROUNDY *vs.* UNITED BOX, BOARD AND PAPER COMPANY.

Somerset.     Opinion September 18, 1907.

*Master and Servant.   Negligence.*

The defendant was making repairs in the basement of its mill and workmen were engaged in taking down concrete piers by the use of drills and wedges, and dumping the pieces into a hole and leveling up.   The adjoining space was used as the pump room, having a wooden floor made of two inch plank where the plaintiff and other employees had occasion to pass day and night in looking after the pump and its gearing.

In the afternoon of the day before the accident to the plaintiff hereafter mentioned, the repairing crew, in charge of the foreman, detached a fragment of one of the piers three feet by two feet in size, weighing three or four hundred pounds.   It caught against a shaft and the foreman directed that it be pried off, and it dropped over into the pump room.   It made a hole in the floor near where a ladder was usually put up for adjusting the belt on the shaft pulley, and was held suspended by each end and was left there when the workmen quit work in the afternoon.   The foreman who had charge of the work knew that this stone had fallen and broken partially through the plank, but he allowed it to remain where it first fell without any safeguard to warn or protect workmen whose duties required them frequently to be at this identical place.   Between the time when the stone first fell and the time of the accident to the plaintiff, this piece of stone fell through the floor to the ledge below, leaving a hole about its size and of the depth of from five to ten or twelve feet.   The plaintiff had no knowledge of its existence or of the fact that a fragment of stone had fallen on that side of the pier, and the hole in the dim light was not plainly discernible.

About three o'clock at night, after the stone had fallen through the floor as aforesaid, while the plaintiff was in the performance of his duties as head fireman on the night force, and was attending to the belts and pulleys, his attention was called to the fact that the belt was off and he went to the usual place for setting the ladder, leaving his lantern ten or twelve feet away.   In attempting to put up the ladder he fell into the hole and sustained the injuries for which this suit was brought.

*Held:*   (1)   That the condition was not such as would reasonably be anticipated by the plaintiff although he knew that the piers were being taken down in the daytime in the work of repairs.

(2)   That the jury were justified in finding that no lack of due care on the part of the plaintiff contributed to his injury.

(3) That the defendant must be. held liable not for negligence presumed by the principle res ipsa loquitur, but for negligence in fact proved by the evidence.

(4) That the damages assessed by the jury were not excessive.

On motion by defendant.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant.

Tried at the December term, 1906, of the Supreme Judicial Court, Somerset County. Plea, the general issue. Verdict for plaintiff for $825. The defendant then filed a general motion for a new trial.

All the material facts appear in the opinion.

*P. A. Smith,* for plaintiff.

*Harvey D. Eaton,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

PEABODY, J. This is an action brought by the plaintiff to recover damages of the defendant company for injuries sustained while employed in its pulp mill at Benton Falls in this State.

The verdict of the jury was for the plaintiff for $825, and the case is before the Law Court on the defendant's general motion for a new trial.

At the time of the accident, September 11, 1904, the relation of master and servant existed between the parties. The plaintiff was in the performance of his duties as head fireman on the night force and was attending to the belts and pulleys which connected the water pump with the driving shaft.

The question of contributory negligence on the part of the plaintiff though not waived is not urged in defense of the action. The issues are the negligence of the defendant in its legal duty to its servant, and the question of damages.

The facts are not essentially in conflict. The record shows that the defendant was making repairs in the basement of the southerly end of the mill. Its workmen were engaged in taking down concrete

piers by the use of drills and wedges, and dumping the pieces into a hole and leveling up. The adjoining space was used as the pump room having a wooden floor made of two inch plank, where the plaintiff and other employees had occasion to pass day and night in looking after the pump and its gearing for supplying water for the engine and boiler.

In the afternoon of Saturday before the accident, the repairing crew in charge of the day foreman detached a fragment of one of the piers three feet by two feet in size and weighing three hundred or four hundred pounds. It caught against the shaft and the foreman directed that it be pried off and it dropped over into the pump room. It made a hole in the floor near where the ladder was usually put up for adjusting the belt on the shaft pulley. It was held suspended by each end and was left there when the workmen quit work at five o'clock in the afternoon. At sometime between that hour and three o'clock at night this piece of stone fell through the floor to the ledge below leaving a hole about its size and of the depth as variously estimated by the witnesses of from five to ten or twelve feet. The attention of the plaintiff having been called to the fact that the belt was off he went, about three o'clock, to the usual place for setting the ladder leaving his kerosene lantern ten or twelve feet away.

In attempting to put up the ladder he fell into this hole and was injured. He had no knowledge of the existence of the hole or of the fact that a fragment of stone had fallen on that side of the pier, and the hole in the dim light was not plainly discernible.

The condition was not such as would reasonably be anticipated by him, although he knew that the piers were being taken down in the daytime in the work of repairs. This fragment was the only one thrown off upon this part of the floor.

The jury were justified in finding that no lack of due care on the part of the plaintiff contributed to his injury.

The defendant relies upon the common knowledge of men as to the sustaining strength of plank two inches in thickness as a just basis for the judgment of the defendant's agents that the floor would

sustain the weight of this rock until it could be at a later time removed.

The argument is plausible but we do not think it is strengthened, as is urged by the circumstance that the stone had been held up for several hours after falling a distance of eight feet. The foreman knew it had fallen from this height and had broken partially through the plank, and that the fibers of the wood had been crushed and weakened by the impact to an extent not 'possible to be known except by examination or by the subsequent event of its fall. He allowed it to remain where it fell without any safeguard to warn or protect workmen whose duties required them frequently to be at this identical place. He was the representative of the defendant corporation and it was therefore charged with the responsibility of anticipating the consequences to its servant by exposing him to the increased danger of the weakened flooring and of falling into the hole this stone had made.

The scientific data presented by the able counsel for the defendant interestingly illustrate his theory, but the fact that the suspended rock fell shows that the problem contained other facts not assumed which the defendant was bound to know, or which by the exercise of reasonable care he should have known. The defendant, therefore, must be held liable not for negligence presumed by the principle of res ipsa loquitur, but for negligence in fact proved by the evidence. *Patton* v. *Texas & Pr. Company*, 179 U. S. 658 ; 4 Thompson on Negligence, secs. 3883-3886.

A careful review of the case does not convince us that the judgment of the jury as to the amount of damages to which the plaintiff is entitled should be set aside as manifestly excessive.

*Motion overruled.*