## MACKY v. BINGHAM NEW HAVEN COPPER & GOLD MINING CO.

No. 3306.    Decided March 26, 1919.    (180 Pac. 416.)

1. NEGLIGENCE—PLEADING. In an action for negligence, plaintiff can only recover on the acts or causes of negligence alleged in the complaint. (Page 176.)

2. MASTER AND SERVANT—MASTER'S DUTY TO SERVANT—WARNING OF SERVANT—LATENT DEFECT. It is the master's duty to warn experienced servant of a latent or concealed danger or defect, or of conditions suddenly changed so as to endanger servant's safety, where master knows or should have known of such dangerous condition, and servant has no knowledge thereof. (Page 178.)

3. MASTER AND SERVANT—MASTER'S DUTY TO WARN EXPERIENCED SERVANT. Mine operator is not required to warn experienced miner and timberman, of the location of chutes, such chutes not constituting latent defects, and the miner, being required to go to different parts of the mine in the performance of his

work, having opportunity to observe location and condition of chutes.   (Page 178.)

4. PLEADING—AMENDMENTS—DISCRETION. Where action for injuries was brought three years, and was tried four years, after the accident, and defendant had difficulty in locating his witnesses, the allowance of amendment to complaint so as to charge negligence not pleaded in original complaint was in the court's discretion, which was not abused by denial of leave. (Page 179.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. Wm. H. Bramel,* Judge.

Action by Mike Macky against the Bingham New Haven Copper & Gold Mining Company.

Judgment of dismissal.   Plaintiff appeals.

AFFIRMED.

*Willard Hanson* and *B. L. Liberman* both of Salt Lake City, for appellant.

*King, Straup, Nibley & Leatherwood* of Salt Lake City, for respondent.

APPELLANT'S POINTS.

The true rule is that when there are special risks that are not obvious or patent, and of which the servant is not cognizant, it is the duty of the master to notify him of such risks, and this applies to experienced as well as inexperienced servants. *Powers* v. *Calcasiew Sugar Company,* 48 La. Ann. 483, 19 Southern 455.

The trial court committed error in refusing plaintiff the right to amend his complaint so as to charge defendant with the duty of placing lagging or other timbers around the chute into which plaintiff fell and with the violation of that duty. *Smith* v. *Missouri Pacific Ry. Co.,* 56 Fed. 458.

RESPONDENT'S POINTS.

A trial amendment, just before the trial or during the trial, to a complaint for personal injuries adding a new and distinct charge of negligence is usually deemed ground for a continuance. *Wright* v. *Northern Pac. R.*, 80 Pac. 197; *Despatch Laundry Co.* v. *Employer's Liability Insurance, etc.*, 117 N. W. 506.

In view of the pleadings and the evidence, there was no duty resting on the defendant to warn the plaintiff of the location and evistence of the chute in question. *Crown Cotton Mills* v. *McNally*, 123 Ga. 35, 51 S. E. 13; *Central of Georgia Ry. Co.* v. *Price*, 49 S. E., p. 683.

FRICK, J.

The plaintiff brought this action to recover damages for personal injuries which he alleged he suffered through the negligence of the defendant. The plaintiff, at the time of the accident, was employed by the defendant in its mine in Salt Lake county. He was an experienced and competent miner and timberman, and was employed as such by the defendant. The acts of negligence alleged in the complaint are that the defendant maintained a certain stope on what is designated the third level in its mine, known as stope seventy-four; that the defendant had constructed and was maintaining a certain "ore chute" near the center of said stope which chute extended downward fifty or sixty feet to other workings in said mine; that said ore chute was, so situated in said stope that in passing to the face thereof it was necessary to pass across said chute; that plaintiff did not know of the existence of said chute, while defendant did; that it was dangerous for persons to pass to and from the face of said stope or in passing to different parts therein for the reason that in doing so they might step or fall into said chute; that the plaintiff was directed to do timbering in the face of said stope, and "in order for him to reach the place where he was directed to go it was necessary

for him to go over and across said chute; that defendant carelessly and negligently failed and omitted to warn plaintiff of the position of said chute and of the danger of going into said stope, and then and there directed plaintiff to perform work and labor in said stope as aforesaid, then and there well knowing that he would have to pass over and across said chute in order to reach his said place of work; and plaintiff alleges that while he was going to said place * * * by reason of the carelessness and negligence of the defendant aforesaid he stepped into said chute, and then and there fell to the bottom thereof, a distance of between fifty and sixty feet.'' Plaintiff then describes his injuries and prays judgment for damages.

The evidence, so far as material on this appeal, is brief. The plaintiff produced evidence tending to show that on the night of the alleged accident he went to work at midnight; that he was then employed by the defendant as an experienced miner and timberman; that on the night in question he was directed to go to stope seventy-four to see whether any timbering was required, but that it was his duty to go to any part of the mine where timbering might be necessary; that on the night in question a miner and a mucker were working in the face of stope seventy-four, and he and his helper were on their way to the face of stope seventy-four, to ascertain whether any timbering was necessary there; that stope seventy-four was timbered with square sets which were about six and one-half or seven feet in height and about five feet square; that the square sets extended ten or twelve sets from side to side of the stope near the face thereof, and also extended twenty-five or thirty sets to the rear and were three sets high; that the defendant maintained an ore chute in one of the sets of timbers aforesaid, and near the face of said stope, through which the muck and ore that were being broken down in the face of the stope were being passed downward to another part of said mine; that in passing to the face of said stope for the purpose aforesaid it was necessary for plaintiff and his helper to pass upwards through one of said square sets by means of a ladder, and after passing upwards on said

ladder to reach the face of said stope the plaintiff, on reaching the top of the second square set, stepped from said ladder on some planks or lagging which were placed on the top timbers of said square set, and in attempting to pass over said lagging to the face of said stope where said miner and mucker were at work the plaintiff stepped into said ore chute and fell to the bottom thereof, a distance of forty or more feet; that the opening of said chute was three and one-half by four feet, and there were a large number of ore chutes in different parts of defendant's mine which were maintained by the defendant for the reason that in stoping the ores in said mine the ores from the different stopes were thrown into the chutes and passed through to lower levels in said mine; that plaintiff had been working in said mine from February until the eleventh day of June, 1914, on which date the accident occurred, and knew that there were a large number of ore chutes maintained in said mine for the purpose aforesaid. Plaintiff, however, also testified that the ore chutes he knew about were not kept open to the extent the one he fell into was, but usually were kept open only to the extent of six or eight inches to admit the ore to be passed down through the chute.   He also said that he was not aware of the ore chute into which he fell, although the evidence discloses that his helper, who was with him, but who followed him up the ladder, knew of the chute and had passed over it frequently.   It was also shown that the chute in question was kept open for the purpose of permitting those who worked at the face of stope seventy-four to take the ore and muck with wheelbarrows to the chute and dump it therein.   Plaintiff was also permitted to testify, over defendant's objections, that no protection or guard of any kind was maintained at or around the ore chute in question.   That evidence, it seems, was, however, admitted as bearing only upon plaintiff's contributory negligence, and not for the purpose of proving that the defendant was negligent in that respect.

After plaintiff had proved the nature and extent of his injuries, etc., he rested.

Upon substantially the foregoing evidence respecting the

alleged negligence of the defendant its counsel moved for a nonsuit upon the grounds: (1) That the plaintiff had failed to prove actionable negligence on the part of the defendant; (2) that the undisputed evidence disclosed that plaintiff was guilty of contributory negligence which was the proximate cause of the injury complained of; and (3) that he had assumed the risk of injury. The district court granted the motion and entered judgment dismissing the action.

During the progress of the trial counsel asked leave to amend the complaint in the particulars hereinafter stated, to which defendant's counsel objected, and the court refused leave to amend.

The only errors assigned are: (1) That the court erred in denying plaintiff leave to amend his complaint; and (2) in granting the motion for nonsuit. It is more convenient for us to consider the second assignment first.

Counsel for defendant insist that the motion for a nonsuit was properly granted for the reason, if no other, that plaintiff had failed to establish negligence upon the part of the defendant. It will be observed that the only negligence alleged in the complaint is that the defendant had failed to warn or apprise the plaintiff of the existence of the ore chute into which he fell. It is elementary that the complaining party can recover only upon the acts or causes of negligence alleged in his complaint. On behalf of the plaintiff, it is, however, insisted that under the circumstances disclosed by the evidence it was the duty of the defendant to warn or notify the plaintiff of the existence and condition of the ore chute in question, and its failure in that regard constituted negligence. On behalf of the defendant it is earnestly contended that in view that the plaintiff was an experienced miner and timberman, and was employed as such, and that at the time of the injury he was in the performance of the duties imposed on him, namely, that of passing through the mine for the purpose of ascertaining where timbering might be required, and that he was cognizant of the method by which defendant carried on its mining operations and in maintaining a large number of ore chutes in the stopes of

its mine for the purpose of disposing of the ores and waste material that the law did not impose upon it the duty to warn or notify the plaintiff respecting the existence of the chute in question, or any other chute maintained in the mine, unless defendant knew that plaintiff did not know or did not have the means of knowing that the ore chute was being maintained in the condition it was. In support of their contention counsel cited the following cases: *Crown Cotton Mills* v. *McNally,* 123 Ga. 35, 51 S. E. 13; *Mericle* v. *Plaster Co.,* 155 Iowa, 692, 136 N. W. 916; *Peterson* v. *New Pittsburg Coal & Coke Co.,* 149 Ind. 260, 49 N. E. 8, 63 Am. Rep. 289; *Central of Georgia Ry. Co.* v. *Price,* 121 Ga. 651, 49 S. E. 683; *King* v. *Morgan,* 109 Fed. 449, 48 C. C. A. 507; *Atlas Engine Works* v. *Randall,* 100 Ind. 293, 50 Am. Rep. 798; *Haskell* v. *L. H. Kurtz Co.,* 181 Iowa, 30, 162 N. W. 600, L. R. A. 1917F, 881; *Olsen* v. *Triangle M. Co.,* 167 Pac. 813. The rule contended for by counsel is perhaps as well stated in *King* v. *Morgan,* supra, as anywhere, and hence we append the following excerpt from the opinion in that case, namely:

"The duty of cautioning a servant rests upon the master only in case he is informed or has reason to believe that the servant is inexperienced and ignorant of the probable dangers he is about to encounter. The master, in the absence of such information, may assume that an applicant who is apparently mature and intelligent is qualified for the particular work applied for by him. It is only where such facts are brought to his notice of the disqualification of the servant to safely encounter dangers known to him, and presumptively unknown to the servant, that the duty of cautioning and instructing the servant arises."

The other cases cited support the foregoing text, and hence it is not necessary to refer to those further.

Counsel for appellant concede the law to be as laid down in the foregoing cases, but they insist that the rule there stated is not controlling; indeed, they assert that it is not applicable here. In support of their contention counsel cite the following cases: *Iroquois Furnace Co.* v. *McCrea,* 191 Ill. 341, 61 N. E. 79; *Powers* v. *Calcasieu Sugar Co.,* 48 La. Ann. 483, 19 South. 455; *Roundy* v. *United Box, Board & Paper Co.,* 103 Me. 83, 68 Atl. 535; *Hogarth* v. *Pocasset Mfg. Co.,* 167 Mass. 225, 45 N. E. 629; *Bradburn* v. *Wabash Ry.*

Co., 134 Mich. 575, 96 N. W. 929; *Kansas C., Ft. S. & G. Ry. Co.* v. *Kier*, 41 Kan. 661, 671, 21 Pac. 770, 13 Am. St. Rep. 311; *Linden* v. *Anchor M. Co.*, 20 Utah, 134, 58 Pac. 355; Bailey, Personal Injuries (2d Ed.) section 300. In view that the rule contended for by counsel, and as laid down in the cases cited by them, is well reflected by Bailey in the section referred to, we append his statement of the rule as follows:

"It is sometimes stated that, if a servant is experienced, no duty exists to warn him. This statement, however, is subject to certain qualifications, inasmuch as in certain circumstances it may be necessary to warn even a mature and experienced servant, as, for instance, where the danger or defect is latent and known to the master but not known to the servant, or where the danger arises from a change in appliances or methods of work.

"The true rule is that, when there are special risks that are not obvious or patent, and of which the servant is not cognizant, it is the duty of the master to notify him of such risks, and this applies to experienced as well as inexperienced servants.

"The duty to instruct and warn an experienced servant exists only as to latent and extra-ordinary risks and dangers which are known or ought to have been known by the master, and which were not known or ought to have been known by the servant."

Counsel for plaintiff in their reply brief attempt to distinguish the cases cited by defendant's counsel from the case at bar. They also rely on the case cited from     2, 3 Utah. Waiving, however, the fact that in the cases cited by plaintiff, and to which we have referred, the issues and the questions presented for decision were much broader than in the case at bar, and basing our conclusion upon the proposition outlined in the excerpt quoted from Mr. Bailey, we nevertheless are of the opinion that the rule stated by Mr. Bailey does not apply here, while the rule quoted from the case cited by counsel for defendant does apply. True, where there is a latent or concealed danger or defect, or where conditions have suddenly changed without the knowledge of and so as to endanger the safety of the servant, the rule stated by Mr. Bailey does apply. That, however, is not this case. The chute in question did not constitute a latent defect, nor was it a concealed danger in the sense that those terms are used in the decisions, nor was the condition of the

chute suddenly changed so as to endanger the safety of the plaintiff. Ore chutes, as we have seen, were quite common in defendant's mine. Indeed, they constituted a part of the method by which the defendant conducted its mining operations. Moreover, so far as the evidence shows, there was not a stope in the mine at or near which there was not one or more ore chutes maintained. True, plaintiff says they were not kept uncovered to the extent that the one in question was. That, however, is not a controlling factor in this case. Plaintiff was not relying upon that fact, and in so relying was deceived. Besides, he was an experienced miner and timberman. That was his occupation as defendant's servant. It was his duty to pass to the different parts of the mine to do timbering when such was required. He had at least as good an opportunity to learn the location and condition of the ore chutes as any one, and his knowledge in that regard was equal to the defendant's, and hence, under the circumstances disclosed by the evidence, the law did not impose a duty upon the defendant to specially warn or notify him concerning the maintenance of the ore chutes nor of the one in question.

It is, however, also insisted that the district court erred in denying plaintiff's application to amend his complaint during the trial. After the jury was impaneled, and before proceeding to offer his evidence, his counsel said: "I may want to make a little amendment in my complaint. I don't think there will be any objection to it, simply alleging that there was no protection put around this chute." Counsel for defendant said: "Well, I shall object to that, of course. You mean to predicate negligence upon it." Plaintiff's counsel answered "yes." Defendant's counsel then said: "Well, I shall object to that." Plaintiff's counsel dropped the matter at that point without further comment. No ruling was made or attempted to be by the court. During the trial, however, plaintiff's counsel attempted to show by his witness that the chute was left unprotected and unguarded. Defendant's counsel, however, consistently and persistently objected to all such evidence except it was limited for the purpose of explaining plaintiff's acts and con-

duct respecting the defense of contributory negligence.  It seems the court admitted it for that limited purpose and for no other.  When plaintiff was testifying, however, his counsel again offered to amend the complaint so as to charge the defendant with negligence in that it had "failed and omitted to place lagging or other timbers around said chute," and that it "carelessly and negligently failed and omitted to warn the plaintiff of the position of said chute and of the danger of going into said stope."  Defendant's counsel objected to the amendment and stated that, if it were allowed they were not prepared to proceed with the case.  The court ruled that the amendment would be allowed upon condition that plaintiff's counsel acceded to a continuance of the case.  Counsel declined to do that and proceeded with the case.  The accident occurred in June, 1914, and the action was commenced in April, 1917, and tried in May, 1918.  Defendant's counsel stated in the court below that in view of the time that had elapsed since the accident some of its witnesses had departed from the state to parts unknown, and it anticipated some difficulty in locating some of them.  In our judgment, the case is clearly one where the trial court was authorized to exercise a sound discretion in allowing or disallowing the proposed amendment.  We can discover no reason for holding that the court abused its discretion and counsel have not pointed out any good reason.  This assignment therefore must also fail.

For the reasons stated the judgment should be, and it accordingly is, affirmed, at appellant's costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.